### GIORDANO *v.* MANHATTAN RY. CO. *et al.*

(*Supreme Court, General Term, First Department.* March 28, 1890.)

1. ELEVATED RAILROADS—INJURIES TO ABUTTING OWNERS—APPEAL.
   In an action to enjoin the maintenance of an elevated railroad in front of plaintiff's premises, and for damages caused by its operation, defendants, on appealing from the judgment, stipulated to waive any exception, or right to have the question of damages reviewed as a question of fact; and the evidence relating to the damage suffered by plaintiff was omitted from the case on appeal. *Held*, that nothing was left in the case which made it important to determine whether plaintiff was the owner of the fee in the bed of the street, as well as an abutting owner, and it was sufficient that she was the latter.

2. SAME—MORTGAGES.
   The decree, in such case, provided that plaintiff should not be entitled to receive the compensation awarded until she delivered to defendants a conveyance and release from herself and her mortgagees. *Held*, that defendants were sufficiently protected against any claim arising out of the existence of the mortgage, notwithstanding the omission to bring in the mortgagees as parties.

Appeal from special term, New York county.

Action by Aurelie Giordano against the Manhattan Railway Company and the Metropolitan Elevated Railway Company. There was judgment for plaintiff, and defendants appeal therefrom.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Davies & Rapallo*, (*Brainard Tolles*, of counsel,) for appellants. *E. W. Tyler*, for respondent.

BARTLETT, J. This is an action to recover damages sustained by the plaintiff by reason of the existence of the elevated railway structure of the defendants in front of premises belonging to her, on South Fifth avenue, in the city of New York, and to enjoin the defendants from continuing to maintain said structure, or to operate their railroad thereon. The trial resulted in a judgment awarding the plaintiff $3,267.73 as damages, and directing that the defendants should be enjoined from the further maintenance or operation of their elevated railroad in front of the plaintiff's premises, unless, within 90 days after service of notice of entry of the judgment, the defendants should tender to the plaintiff $5,000, upon which payment the plaintiff was required to deliver to the defendants a conveyance and release from her-

self, and from certain mortgagees of the premises, which should convey to the defendants the right to use the street in front of the same for the maintenance of their present railroad structure, and the operation of their railroad thereon, and should release the defendants from all future damages to be incurred by the plaintiff on account thereof.

The defendants have appealed from this judgment. Their appeal, however, raises no question in respect to the amounts awarded to the plaintiff by the court for damages, or as to the value of the plaintiff's easements, which the defendants are, by the terms of the judgment, allowed to acquire upon payment of $5,000 as therein prescribed. This appears from the stipulations printed on the last two pages of the appeal-book. The only questions discussed upon the oral argument were—*First*, whether the plaintiff was the owner in fee of any portion of the central strip of South Fifth avenue upon which the defendants' trains run, or was merely an abutting owner, whose property was bounded by the side of the street; and, *secondly*, whether the mortgagees of the premises had been made parties to the action in such a way as to bind them by the judgment.

The trial court found, as a matter of fact, that the plaintiff was the owner in fee of the western half of the street immediately in front of her premises, subject to the rights of the city of New York, and of the public, to use the same for the ordinary purposes of a public street. The appellants contend that this finding was erroneous, as a matter of law. We do not think it makes any difference, so far as the maintenance of the action is concerned, or so far as the correctness of the judgment is concerned, whether this finding is erroneous or not. The evidence left no doubt that the plaintiff was an abutting owner, who had certain easements in the street, even if she did not own a fee therein, subject to the public use; and it made no difference, for the purposes of this suit, whether she owned the fee or not, so long as she was entitled to the easements, by virtue of her position as an abutting owner. It does not appear that the damages assessed, or the compensation awarded, were augmented by reason of the finding that the plaintiff owned the fee; nor can it properly be assumed that they were thereby increased, in view of the terms of the stipulation under which the evidence relating to the damage suffered by the plaintiff was omitted from the printed case on appeal. "The defendants stipulate to waive any exception, or right to have the question of damages, or its extent, as a question of fact, reviewed on this appeal;" and there is excepted from the case, as printed, the evidence "relating to the value of the plaintiff's alleged easements or other property in or over South Fifth avenue, taken by the defendants for the purposes of their elevated railroad, and that relating to the amount of damages sustained by the plaintiff from the alleged interference with such easements or other property by the maintenance and operation of the railway in the past." Thus, there is nothing left in the case which makes it of any importance to determine whether or not the plaintiff was the owner of the fee in the bed of the street, as well as an abutting owner. It is enough that she was the latter.

Upon the trial the defendants proved the existence of a mortgage upon the plaintiff's premises, and the court granted a motion that the mortgagees should be brought in as parties. The appellants insist that the order of the court to this effect has not been complied with, so far as two of the mortgagees are concerned,—Adrian Iselin and Adrian Iselin, Jr. A notice of appearance in their behalf is contained in the judgment roll; but, in the absence of any issue arising on the pleadings between them and the elevated railroad companies, it is difficult to see how these mortgagees are bound by the judgment. The form of the decree, however, affords ample protection to the appellants, notwithstanding the omission to bring in the mortgagees, as parties, in a proper manner. The plaintiff is not entitled to the compensation awarded by the court for the easements taken until she delivers to the

defendants a conveyance and release not only from herself, but from these mortgagees. This provision in the judgment is an effective safeguard to the appellants against any claim arising out of the existence of the mortgage in question. The judgment appealed from should be affirmed, with costs. All concur.