MITTENDORF v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

PLEADINGS—PLEA IN ABATEMENT—NONJOINDER OF PARTIES.

The defense of nonjoinder of parties, being a plea in abatement, must state the names of the parties omitted, and allege that they are alive, within the jurisdiction of the court, and within the reach of process.

Appeal from special term, New York county.

Action by William F. Mittendorf against the New York & Harlem Railroad Company and others. From a judgment sustaining a demurrer to the answer, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Charles C. Paulding, for appellants.
L. M. Berkeley, for respondent.

PER CURIAM. This action is similar to those with which we have become familiar in connection with the elevated railroads, and is brought to obtain an injunction and damages owing to the maintenance of the defendants' viaduct structure in Park avenue. Among other defenses, the defendants pleaded a defect of parties, in that

a mortgagee of the plaintiff's premises had not been brought into the action. To this defense the plaintiff demurred, which demurrer was sustained, and from the interlocutory judgment thereon entered the defendants appeal. A mortgagee is a proper party; but whether or not he is a necessary party is the question sought to be raised. It has been presented at trials, upon motion or in connection with the form of judgment to be entered, and expressions are to be found in opinions adverse to the contention that a mortgagee is a necessary party in these actions. Giordano v. Railway Co. (Sup.) 9 N. Y. Supp. 258; Hughes v. Railroad Co., 130 N. Y. 14, 24, 28 N. E. 765. We have found, however, no case where the question has been directly presented and passed upon. Nor do we think that it is now before us, for the reason that the defense of nonjoinder of parties is not properly pleaded. Such a defense, being a plea in abatement, should, as has many times been held, not only state the names of the parties who it is claimed should be joined, but, in addition, should allege that they are alive, within the jurisdiction of the court, and within reach of its process. The failure here to comply with these requirements of a good plea in abatement rendered the defense sought to be interposed defective, and the demurrer to such defense was, therefore, properly sustained.

The judgment accordingly should be affirmed, with costs, but with leave to the defendants to amend within 20 days on payment of costs in this court and in the court below.