MARY E. HUGHES, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY et al., Appellants.

The right of an owner of a lot, abutting on a public street in a city to use and enjoy the light, air and access afforded by the street, is an appurtenance of his lot and property, for which, if taken for purposes inconsistent with street uses, compensation must be made, and if not taken, but injured by such uses, the damages sustained may be recovered.

This right does not originate in a grant, and so its existence need not be established by conveyance in specific terms, nor by adverse possession; it arises by operation of law from contiguity, and its existence is presumed.

The use of a city street by an elevated railroad is a use inconsistent with the purposes for which such streets are designed.

The term "abutting lot" means one bounded on the side of a public street, in the bed or soil of which the owner of the lot has no title, interest or private rights, except such as are incident to a lot so situated.

*It seems*, the presumption existing in favor of an abutting lot owner may be rebutted by showing that the rights have been parted with in any of the modes by which incorporeal hereditaments may be transferred, surrendered or lost.

The burden of rebutting such presumption, however, is on the party who claims to have acquired such right.

In an action to recover damages for injuries to plaintiff's property abutting on a public street in New York city, the fee of which is in the city, arising from the building and maintaining of defendants' elevated road in said street, the following facts appeared: The construction of said road was commenced in July, 1878. The premises were then owned by E., who, in December of that year, sold and conveyed them, and to his title plaintiff claimed to have succeeded in November, 1881. Defendants, upon cross-examination of one of the grantees of E., drew forth evidence to the effect that they bought and owned the lot; that the other grantees conveyed to him, and that he became the sole owner. Defendants also, for the purpose of showing a lien on the premises, introduced in evidence a mortgage thereon executed by E., and proved that he purchased it in 1878. Defendants raised no question on the trial as to plaintiff's title, and requested no finding that she had no title, or that title was in another, but excepted to a finding of title in plaintiff. *Held*, untenable; that it could not be held the finding had no evidence to sustain it.

For the purpose of rebutting the presumption that plaintiff owned the easements in the street, defendants proved that before she acquired title said easements had been interfered with substantially to the same extent as when the action was brought. They also proved that proceedings had been instituted to acquire from plaintiff the right to maintain and operate the road in front of her premises, and the court found that in such proceedings plaintiff had been duly served and brought into court, and that they were still pending. *Held*, that the defendants' evidence amounted to an admission that they occupied the street in subordination to plaintiff's right to compensation.

Also *held*, that plaintiff was entitled to recover a sum awarded for damages to the fee, as a condition of defendants being allowed to continue the structure and operation of its road.

Reported below, 25 J. & S. 379.

(Argued June 1, 1891; decided October 27, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 6, 1890, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was begun November 16, 1887, to recover a judgment: (1) For the damages to the rental value of No. 138 West Fifty-third street, alleged to have been occasioned by the construction and operation of the defendants' elevated railroad in the street in front of the premises; and (2) to

restrain them from thereafter continuing their road in front of the premises.

The construction of the road was begun in this street in July, 1878 ; it was finished in November of that year and was put in operation in June, 1879. It does not appear who owned or was in possession of the premises when the road was begun and completed. In 1838 the city of New York acquired the title to the land of West Fifty-third street which was in that year opened as one of the public streets in the city pursuant to chapter 115, Laws of 1807, and chapter 86, Laws of 1813.

Lot No. 138 is bounded on the north by the south side of Fifty-third street and its owners have never had any title or estate in the soil of that street and no interests or private rights therein except such as are incident to lots so situated. December 31, 1878, Augusta A. Eising assumed to convey No. 138 West Fifty-third street to James R. Breen, Alfred G. Nason and George W. Hughes. In March, 1879, the plaintiff entered into possession and has since remained in possession of the premises. October 4, 1880, Breen and Nason conveyed their interest in the lot to George W. Hughes, plaintiff's husband, who, November 29, 1881, conveyed his interest in them to Fitzsimmons, who on the same day conveyed his interest to the plaintiff. Such is the paper title. The record does not disclose who assumed to own or was in possession of the lot at any time prior to December 31, 1878, the date of the deed of Augusta A. Eising.

The answer in the main is a denial upon information and belief of the allegations of the complaint and presents as affirmative defenses that on the 6th day of March, 1868, Augusta Eising executed a mortgage upon the premises to Henrich Wiener, which said mortgage is owned by Eliza Wiener. The answer further alleges that the defendants' road was constructed and operated before plaintiff owned or occupied the lot and house and while they were owned and occupied by another " and *that if any* damages were inflicted upon said premises, or if any destruction or loss of easements has been occasioned " * * * the said damage was *then* inflicted or

said loss or destruction of easements *then* took place and that the plaintiff herein is not the owner of the cause of action for such damages.    The answer also sets up the six and ten year Statutes of Limitations and that plaintiff and her predecessors in title made no objection to the construction or the running of the road.    The answer also sets up that on April 14, 1888, the Metropolitan Elevated Railroad Company began proceedings to acquire by condemnation the rights appertaining to the premises and belonging to the plaintiff which were interfered with by the construction and operation of the road.    The pendency of these proceedings was set up in the answer as a defense to this action.    The cause was tried in December, 1888, and upon the decision rendered a judgment was entered June 7, 1889, awarding (1) $3,500 damages for the injury caused to the rental value of the premises between November 16, 1887 (the date when the action was begun), and the date of the decision ; and (2) a perpetual injunction restraining the continuance of the road in front of the premises unless the defendants paid to the plaintiff $9,000 found to be the value of the rights appurtenant to the lot which had been interfered with by the road.

Further facts appear in the opinion.

*John F. Dillon, Julien T. Davies* and *Brainard Tolles* for appellants.    Plaintiff failed to prove title, as against the defendants, either to the abutting property in question or to any easements in Fifty-third street.    (*Mitchell* v. *M. E. R. Co.*, 56 Hun, 543·; *Gardner* v. *Heart*, 1 N. Y. 528 ; *Churchill* v. *Onderdonk*, 59 id. 134 ; *Miller* v. *L. I. R. Co.*, 71 id. 380 ; *Mayor, etc.*, v. *Carleton*, 113 id. 284 ; *Carleton* v. *Darcy*, 90 id. 566 ; *Lane* v. *Gould*, 10 Barb. 255 ; *Clute* v. *Vris*, 31 id. 515 ; *Dominy* v. *Miller*, 33 id. 389 ; 2 Washb. on Real Prop. § 284; Washb. on Easements, chap. 5, § 7; *Cartwright* v. *Maplesden*, 53 N. Y. 652; *S. V. O. Asylum* v. *City of Troy*, 76 id. 113 ; *Dyer* v. *Sandford*, 7 Metc. 395 ; *Winter* v. *Brockwell*, 8 East. 308 ; *Morse* v. *Copeland*, 2 Gray, 302 ; *Hoch* v. *M. E. R. Co.*, 37 N. Y. S. R. 200 ; Laws of 1850, chap. 140,

§ 14; Code Civ. Pro. § 1502.) The plaintiff failed to show herself entitled to substantial damages or to an equitable remedy. (*Hart* v. *Laury*, 121 N. Y. 636, 643; *Genet* v. *D. & H. C. Co.*, 34 N. Y. S. R. 247; *Jeffers* v. *Jeffers*, 107 N. Y. 653; *Corning* v. *T. I. & N. Co.*, 40 id. 220; *Clinton* v. *Myers*, 46 id. 521; *Morgan* v. *Binghamton*, 102 id. 500; *Troy, etc., R. Co.* v. *H. T., etc., R. Co.*, 86 id. 106, 123, 126; *People* v. *M. T. Co.*, 31 Hun, 596; *Drake* v. *H. R. R. R. Co.*, 7 Barb. 508; *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Livingston* v. *Livingston*, 6 id. 497; *Sargeant* v. *George*, 56 Vt. 627; *Blake* v. *The City*, 26 Barb. 301; *Attorney-General* v. *Nichols*, 16 Ves. 342; *Henderson* v. *N. Y. C. & H. R. R. R. Co.*, 78 N. Y. 423, 730; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98, 118; *Story* v. *N. Y. E. R. Co.*, 90 id. 122, 148, 171, 179; *Pond* v. *M. E. R. Co.*, 112 id. 189, 190; *Tallman* v. *M. E. R. Co.*, 121 id. 119, 125; *Abendroth* v. *M. R. Co.*, 122 id. 1, 17; *N. Y. E. R. Co.* v. *F. N. Bank*, 135 U. S. 432, 440; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 311, 322, 328; *Mattlage* v. *N. Y. E. R. Co.*, 11 N. Y. Supp. 482; *Brush* v. *M. E. R. Co.*, 26 Abb. [N. C.] 73; *Gray* v. *N. Y. E. R. Co.*, 12 N. Y. Supp. 542; *Welsh* v. *N. Y. E. R. Co.*, Id. 545; *Purdy* v. *M. R. Co.*, 36 N. Y. S. R. 43; *Newman* v. *M. E. R. Co.*, 118 N. Y. 618; *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169; *In re N. Y., L. & W. R. R. Co.*, 27 Hun, 151; *In re N. Y., W. S. & B. R. R. Co.*, 29 id. 609; *In re C. & S. V. R. R. Co.*, 56 Barb. 456; *In re N. Y. C. & H. R. R. R. Co.* v. *Judge*, 15 Hun, 63; *In re Furman Street*, 17 Wend. 649; Cooley on Const. Lim. 565; Lewis on Em. Domain, § 478; *S. A. R. Co.* v. *M. E. R. Co.*, 56 Hun, 122; *P., etc., R. Co.* v. *Vance*, 115 Penn. St. 325; *Lawrence* v. *Boston*, 119 Mass. 126; *Moulton* v. *N. W. Co.*, 137 id. 163; *Harrison* v. *I. M. R. Co.*, 36 Ia. 323; *Boom Co.* v. *Patterson*, 98 U. S. 403; *C. B. R. Co.* v. *Andrews*, 26 Kan. 702; *Like* v. *McKinstry*, 41 Barb. 186; 4 Keyes, 397; *Dodge* v. *Colby*, 108 N. Y. 445; *Linden* v. *Graham*, 1 Duer, 670; *Mahon* v. *N. Y. C. R. R. Co.*, 24 N. Y. 658; *Ottenot* v. *N. Y., L. & W. R. R. Co.*, 119 id. 603; *N. Y. N. E. Bank* v.

*M. E. R. Co.*, 108 N. Y. 660; *Spencer* v. *P. P. R. Co.*, 23 W. Va. 406; *Stetson* v. *C., etc., R. Co.*, 75 Ill. 74; *Rigney* v. *City of Chicago*, 102 id. 64; *C., etc., R. R. Co.* v. *Loeb*, 118 Ill. 203; *C., etc., R. R. Co.* v. *Maher*, 91 id. 312; *R. R. Co.* v. *Duncan*, 111 Penn. St. 352; *O'Brien* v. *Penn. R. Co.*, 119 id. 184; *R. R. Co.* v. *McCutcheon*, 7 Atl. Rep. 146; *Denver, etc., R. Co.* v. *Domke*, 11 Col. 247.) The right of the owner at the time when the elevated railroad was constructed to compensation for the depreciation in value thereby caused, is established by the *Henderson* case, is consistent with legal principles and it is not inconsistent with the doctrines of the *Uline* and *Pond* cases, or any other cases in this court. (*Peck* v. *Goodberlett*, 109 N. Y. 180; 112 id. 189; *Jesser* v. *Gifford*, 4 Burr. 2141; *Moore* v. *Hall*, L. R. [3 Q. B. Div.] 178; Goddard on Easements, 404; Code Civ. Pro. § 1665; *Porter* v. *M. E. R. Co.*, 120 N. Y. 289; *King* v. *Mayor, etc.*, 102 id. 171; *McFadden* v. *Johnson*, 72 Penn. St. 335; *Sargent* v. *Machias*, 65 Me. 591; *Allyn* v. *F. R. R. Co.*, 4 R. I. 457; *Ten Brooke* v. *Jahke*, 77 Penn. St. 392; *Turnpike Road* v. *Brosi*, 22 id. 29; *Dobbins* v. *Brown*, 12 id. 75; *Simmerman* v. *Union Canal Co.*, 1 W. & S. 346; *Schuylkill Co.* v. *Decker*, 2 id. 34; *McLendon* v. *A. R. R. Co.*, 54 Ga. 293; *Pomeroy* v. *C. R. R. Co.*, 25 Wis. 641; *Verdier* v. *P. R. R. Co.*, 15 S. C. 476; *I. R. Co.* v. *Allen*, 100 Ind. 409; *G. R. R. Co.* v. *Pfeuffer*, 56 Tex. 66; *M. R. R. Co.* v. *Strange*, 63 Wis. 178; *Caldwell* v. *Bank*, 20 Ind. 294.)

*Edwin M. Felt* for respondent. The objection to the question to the expert witness Guthrie, "What, in your opinion, would be the fair market value of these premises in case the defendants' structure and operation of its road was not in Fifty-third street," was properly overruled. (*McGean* v. *M. R. Co.*, 117 N. Y. 219.) The court properly denied defendants' motion to dismiss the complaint, made at the close of plaintiff's case, on the ground of plaintiff's alleged *laches* and acquiescence in defendants' act. (*Platt* v. *Platt*, 58 N. Y. 646; *Powers* v. *M. R. Co.*, 120 id. 182; *Abendroth* v. *M. R. Co.*, 122 id. 1;

*Ormsby* v. *V. C. Co.*, 56 id. 623; *Menendez* v. *Holt*, 128 U. S. 523; *Campbell* v. *Seaman*, 63 N. Y. 582; *Chapman* v. *City of Rochester*, 110 id. 273; *Ode* v. *M. R. Co.*, 56 Hun, 199; *Wiseman* v. *Lucksengir*, 84 N. Y. 32.) The fact that plaintiff took title to the premises in question after the defendants erected their structure and commenced the operation of their road, forms no ground of objection to her right to maintain this action or recover the damages her property has sustained since she became its owner in November, 1881. (*Casler* v. *Shipman*, 35 N. Y. 553; *Dean* v. *M. E. R. Co.*, 119 id. 550; *Story* v. *N. Y. E. R. Co.*, 90 id. 160; *Shepard* v. *M. R. Co.*, 117 id. 432; *Pond* v. *M. E. R. Co.*, 112 id. 188; *Abendroth* v. *M. R. Co.*, 122 id. 11.) The amounts awarded by the court below for permanent and temporary damage were reasonable and fully sustained by the testimony, and the same having been upheld by the General Term, will not be disturbed by this court. (Code Civ. Pro. § 1337; *People* v. *French*, 123 N. Y. 636; *Flack* v. *Vil. of Green Island*, 122 id. 107; *Tallman* v. *M. E. R. Co.*, 121 id. 119; *Broistedt* v. *S. R. R. Co.*, 55 id. 220; *Corning* v. *T. I. & N. Co.*, 40 id. 191; *Campbell* v. *Seaman*, 63 id. 568; *Shepard* v. *M. R. Co.*, 117 id. 442; *Mitchell* v. *M. E. R. Co.*, 56 Hun, 543; *Weifelman* v. *M. R. Co.*, 32 N. Y. S. R. 682.) It was not necessary for respondent to show actual possession in her grantor, Augusta Eising, or in any of the subsequent grantors, the law presumed it. (*Doe* v. *Butler*, 3 Wend. 149; *Jackson* v. *Sharp*, 9 Johns. 263; *Jackson* v. *Waters*, 12 id. 365; *Jackson* v. *Thomas*, 17 id. 293; *LaFlambois* v. *Jackson*, 8 Cow. 587; *Hurlbert* v. *Trinity Church*, 24 Wend. 587; *Wimer* v. *Mayor, etc.*, 5 J. & S. 171.)

*Charles Gibson Bennett* for owners of property similarly situated. The fact that the plaintiff acquired title to her premises after the construction of the railway is no bar to the relief awarded her by the judgment. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Corning* v. *T. I. & N. Factory*, 40 id. 191; *Broiestedt* v. *S. S. R. R. Co.*, 55 id. 220; *Brady* v. *Weeks*, 3 Barb. 151; *Campbell* v. *Seaman*, 63 N.

Y. 568; *Bowie* v. *Brahe*, 3 Duer. 35; *Pond* v. *M. E. R. Co.*, 112 N. Y. 186; *Griswold* v. *M. E. R. Co.*, 122 id. 102.)

*G. Willett Van Nest* for owners of property similarly situated. The rights of a plaintiff acquiring title to real estate by the ordinary form of conveyance after the construction of an elevated railway, are the same as those of his vendor at the time of purchase. (*Lahr* v. *M. E. R. Co.*, 104 N. Y. 268; *Story* v. *N. Y. E. R. Co.*, 90 id. 145; *Hills* v. *Miller*, 3 Paige, 254; *Taylor* v. *Hopper*, 62 N. Y. 649; *Arnold* v. *H. R. R. R. Co.*, 55 id. 661; *Griswold* v. *M. E. R. Co.*, 122 id. 102; *Shepard* v. *M. R. Co.*, 117 id. 442; *Tallman* v. *M. E. R. Co.*, 121 id. 119.) The rule of damages in these actions is the diminished rental value for six years prior to the bringing of the action, and in providing for an alternative to the injunction, the courts adopt the same rule as is adopted in condemnation proceedings, the only legal method of acquiring the easements, viz.: the diminished fee value of the whole property. (Sedg. on Dam. 34; *Francis* v. *Schoellkopf*, 53 N. Y. 152; *Lahr* v. *M. E. R. Co.*, 104 id. 268; *In re Poughkeepsie*, 63 Barb. 151; *In re Boston*, 31 Hun, 461; *In re Utica*, 56 Barb. 464; *In re N. Y.*, 35 Hun, 63; *In re N. Y., W. S. & B. R. R. Co.*, 29 id. 611; *In re Prospect*, 13 id. 345; 16 id. 261; *In re N. Y., W. S. & B. R. R. Co.*, 35 id. 263; *In re N. Y., L. & W. R. R. Co.*, 27 id. 151; *In re N. Y., W. S. & B. R. R. Co.*, Id. 537; *Bangor* v. *McComb*, 60 Me. 290; *Buccleuch* v. *M. Co.*, L. R. [5 H. L.] 458; *Adden* v. *R. R. Co.*, 55 N. H. 413.)

*Henry G. Atwater* for owners of property similarly situated. An owner of property abutting on the line of the elevated road who has purchased, after the building of the road, can maintain an action for damages or compel the railroad company to offer compensation for the easements taken by the erection and operation of the road. (*Lahr Case*, 104 N. Y. 287; *Dean* v. *M. E. R. Co.*, 119 id. 540; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 122.)

*John Brooks Leavitt, E. W. Tyler* and *Eugene D. Hawkins* for owners of property similarly situated. Property abutting upon the public streets in the city of New York is entitled to easements in the street of light, air, access, etc. These easements are appurtenant to the property, are annexed to the land and pass by grant of the land without any special words of conveyance. (*Pond Case,* 112 N. Y. 187; *Uline Case,* 101 id. 98; 1 R. S. 147; *Corning* v. *T. I. & N. Factory,* 40 id. 192.) The possession of the elevated roads is not adverse, but under license by act of legislature, which only extended to the rights of the public, and is presumed to be in subordination to the rights of abutting owners. (*Glover* v. *M. R. R. Co.,* 19 J. & S. 1; *Broistedt* v. *S. S. R. R. Co.,* 55 N. Y. 220.) Ejectment will not lie for a mere easement nor for an incorporeal hereditament. (Tyler on Ejectment [1st ed.] 41; *Child* v. *Chappell,* 9 N. Y. 246; Sedg. on Title, §§ 101, 102, 146, 147.) Easements always pass with the principal estate, so as to entitle the purchaser to recover for the future damage, unless there was a prior condemnation which could first subject the property to a servitude. (*Glover* v. *E. R. Co.,* 19 J. & S. 1, 12, 13; 2 Hilliard on Real Prop. [3d ed.] 556; *Hulleman* v. *Albro,* 18 N. Y. 48; *Hills* v. *Miller,* 3 Paige, 254; *Watson* v. *E. R. Co.,* 25 J. & S. 364.) The purchaser subsequent to the road is entitled to recover the fee damage. (*Broistedt* v. *S. S. R. R. Co.,* 59 N. Y. 220; *Foote* v. *M. R. Co.,* 36 N. Y. S. R. 120; 2 Hilliard on Real Prop. [3d ed.] 356; *Huttemeier* v. *Albro,* 18 N. Y. 51; *Porter* v. *N. Y. E. R. Co.,* 120 id. 289; *Mulligan* v. *Elias,* 12 Abb. Pr. [N. S.] 268; *N. E. Bank* v. *E. R. R. Co.,* 108 N. Y. 660.)

POTTER, J. There are two questions to be considered and decided upon this appeal. The first relates to the plaintiff's title to the premises described in the complaint, including the easements of access, air and light, or her right to damages in consequence of the alleged interference therewith by the structure and operation of the railroad by the defendants, and the second relates to the nature and measure of the damages the

plaintiff may legally recover of the defendants and the mode of enforcing the judgment for any damages that may be awarded to the plaintiff.

It is quite manifest from a study of the record in this case that the question of damages formed the main contention in the court below. Still the question of title may be said to fairly arise upon this appeal and was fully discussed in the very able and elaborate brief of the appellants' counsel.

It is insisted in behalf of the appellants that the courts below erred in holding the following propositions: (1) That the plaintiff established title to the lot and to the rights in the street appurtenant to the lot; (2) That the plaintiff is entitled to compensation for the diminution ($9,000) of the market value of the lot caused by the completion of the road before she purchased the premises and that the defendants be restrained from continuing the road unless that sum is paid.

The trial court found as facts: " First. That the plaintiff is now and has been since the 29th day of November, 1881, seized of an estate of inheritance in fee simple absolute in premises No. 138 West 53rd street in the city of New York and in all the easements and hereditaments thereunto appertaining. To this finding the defendants filed the following exception: " To so much of the first finding of fact as finds that the plaintiff is seized of an estate of inheritance in fee simple absolute in the premises there mentioned." This finding is now challenged as one " without any evidence tending to sustain it." (Code C. P. § 3.)

The question upon the record before this court is not simply whether the plaintiff had proved her title when she rested, upon the trial of the case, but whether there was sufficient evidence introduced by plaintiff or defendant or by both when the evidence was finally closed and submitted, to support the finding of title in the plaintiff made by the trial court.

Four deeds, the first from Mrs. Eising, dated December 31, 1878, by which the grantor assumed to convey the lot in fee with the appurtenances, and under which the plaintiff claims to have acquired title, were received in evidence without objec-

tion being taken that the grantors were not shown to have had title or possession of the subject of their grant at the date when they assumed to convey. Indeed none of the evidence, written, or oral, relating to the plaintiff's title or possession was objected to by either of the defendants. It was proved and it remained undisputed that the plaintiff had resided on lot No. 138 since March, 1879. The learned counsel for the defendants proved by his cross-examination of George W. Hughes that he, Breen and Nason bought the lot from Eising in December, 1878, that they owned it, that Breen and Nason afterwards conveyed their two-thirds to him, and to quote the language of the witness, " I became then the sole owner of the premises." This witness, having title, conveyed the lot to Fitzsimmons November 29, 1881, who, on the same day conveyed it to the plaintiff. Besides this evidence, the defendants introduced in evidence a mortgage upon the premises described in the complaint made by Augusta Eising (one of the predecessors in the plaintiff's title) to John W. Stevens on December 31, 1878, to prove that said mortgage was a lien upon said premises. Of course it could not be a lien unless the mortgagor had some title or interest in the premises. On the same day that the mortgage was made and presumptively subsequent to the making of it, Augusta Eising gave the deed in the chain of plaintiff's title to Breen, Nason and Hughes.

The defendant proved the mortgage no doubt for the purpose of raising the question that the holder of the lien of the mortgage was a necessary party to the action.

But when this evidence was in the case it was in for any other purpose it might legitimately serve.

It served to show title in plaintiff's grantors about a month before the road was completed and several months before it was operated by the defendants or either of them. And the *defendants also proved that this* house and lot was sold by Stevens to Eising in 1868 and that Eising was the grantor of Hughes. It is true this was proved by parol, there being no objection by plaintiff to that mode of proof. It does not lie in the mouth of the defendants upon this appeal to raise any

question as to their own mode of proving facts nor to the facts proved by their method. This sale of the lot in question *to Eising, grantor of Hughes & Nason,* was ten years or so before the defendants began to construct the road. The plaintiff proved by witness John W. Stevens, without objection, that he owned the lot, built and sold the house in question in 1867 or 1868. This was some ten or eleven years before the defendants built or run the road and even before the road was chartered, which was in 1875 or 1876. This witness also testified, without objection, that he bought the lot and built the house in question and sold all his lots, including this one in question, previous to 1871.

In the face of this undisputed evidence and in the absence of any assertion during the trial or request to find that the plaintiff was without title to No. 138, or that any other person owned or claimed to own it, it cannot be held that the finding that the plaintiff had title to the lot in fee simple was without any evidence tending to sustain it.

The finding above quoted contains two independent propositions ; one relating to the title to the lot and the other to the title to the street rights appertaining to the lot. The exception above quoted, which was the only one filed to this finding, relates solely to the title to the lot. But the court also found as facts: " Six. That attached to the plaintiff's premises above described and as a part thereof, was and is an easement of light, air and access over said Fifty-third street and appurtenant thereto, in front of and adjoining said premises, of which easement the plaintiff has been possessed since November 29, 1881." " Seventh. That plaintiff acquired with said premises that right to have said Fifty-third street kept open and used as a public street and highway." The defendants filed exceptions to these findings and requested the court to find the converse, which was refused, to which refusal the defendants excepted. These exceptions raise the question whether there is any evidence tending to sustain the finding that the plaintiff acquired title to the rights in the street. (*Roberts* v. *Tobias,* 120 N. Y. 1.)

The right of an owner of a lot abutting on a public street in a city to use and enjoy the light, air and access afforded by the street is an appurtenance of his lot and his property for which, in case it is taken for purposes inconsistent with street uses, compensation must be made; and in case it is not taken, but is injured by such uses, the damages sustained, if any, may be recovered. The use of a street by an elevated road for carrying passengers within the city is held to be a use which is inconsistent with the purposes for which city streets are designed. (*Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 164.)

These street rights of an abutting owner are not originated by grant in terms of such incidental rights and their existence need not be established by conveyances in specific terms conveying such right, for there are none; nor by adverse possession by an abutting owner, for the right is incapable of such possession as against the city. (*Driggs* v. *Phillips*, 103 N. Y. 77; Elliott R. & S. 665.) The private rights appurtenant to abutting lots arise by operation of law from contiguity, like rights for the adjacent and subjacent support of land, and their existence is presumed. (*Kane* v. *N. Y. E. R. R. Co.*, 125 N. Y. 164, 185.) To prevent a misapplication of this rule it will be well to define the term "abutting lot." It denotes a lot bounded on the side of a public street, in the bed or soil of which the owner of the lot has no title, estate, interest or private rights except such as are incident to a lot so situated. The presumption existing in favor of the abutting lot may be rebutted by showing that the rights have been parted with in any of the modes by which incorporeal hereditaments may be transferred, surrendered or lost. The burden of rebutting the presumption is on him who claims to have acquired such right. (*Haight* v. *Price*, 21 N. Y. 241; Wash. on Eas. [2d ed.] 221, 283.) To rebut this presumption, the defendant proved that, for three years before the plaintiff acquired title to the lot, the light, air and access from the street had been continuously interrupted by the elevated road in the same manner and substantially to the same extent as it was when the action was begun. They also proved that the Metropolitan Railway Com-

pany had begun proceedings, which were then pending, to acquire from the plaintiff by condemnation the right, as against this lot, to maintain and operate the elevated road in front of these premises. In the petition filed, which was served on the plaintiff, the right sought to be acquired by condemnation is thus described : " Also so much of the privilege, easement or other interest in said 53d street, as is interfered with by the construction and maintenance of the elevated road of the petitioner herein, belonging to or claimed by Mary E. Hughes and Henry Wiener, or appurtenant to the lot and premises known as number 138 West Fifty-third street, and bounded and described as follows   *   *   *   being the same premises conveyed to said Mary E. Hughes by a deed of Thomas Fitzsimmons, dated the 29th day of November, 1881 ;   *   *   *   that your petitioner, upon information and belief, has not been able to acquire title to the aforesaid lands, tenements, hereditaments and appurtenances." The petition was signed by the Metropolitan Elevated Railway Company and verified by the assistant secretary and treasurer of both corporations, and was introduced in evidence in behalf of both defendants. Under this state of the evidence, it cannot be held that there is none tending to sustain the finding that the plaintiff owns the street rights.

The petition also set forth that the defendants had been unable to agree upon a price for the purchase of these easements from the owner of them for the reason that the owner would not sell them to the defendants for a reasonable price. The defendants set forth fully these proceedings and their pendency in a court having jurisdiction to transfer the title to these easements to the defendants upon payment or deposit of the compensation to be awarded to the plaintiff for the deprivation of them.

The trial court found as a fact that such proceedings had been taken by the defendant; that the plaintiff had been duly served and brought into court in the proceeding, and that the proceeding was pending at the time of the trial of this action.

This, it seems to me, is a very clear admission upon the part of the defendants that they did not own these easements, or have the right to interfere with their use or enjoyment by the owner; for it is not usual or reasonable that either individuals or corporations should take legal proceedings to compel a sale to them of property, and the payment of an award by them for property they already own, and justifies the remark of the court in its opinion in *Watson* v. *Met. E. R. Co.* (29 N. Y. S. R. 513): "This is an admission that the railroad holds their position in front of the plaintiff's premises in subordination to the right of plaintiff to compensation."

The real and substantial contention in this case was whether the plaintiff was entitled to recover the nine thousand dollars awarded to the plaintiff for the damages to the fee of the premises as a condition of defendants being allowed to continue the structure and the operation of the railroad.

The injury from which this species of damage arises was commenced when the defendants began to erect the structure, and has been continued and increased by subsequent use of the easements by the defendants. There is no occasion for any further discussion of the grantee's right to recover the permanent or fee damages from the time of the erection of the structure and the operation of the road to the time of the trial of this action. This court has recently affirmed such right in the case of *Pappenheim* v. *Met. E. R. Co.* (128 N. Y. 435), in a very able and exhaustive opinion by Judge PECKHAM, in which all the members of the court concurred. The action in that case was the same in form, brought for the same relief, and involved the same questions as the case under consideration.

The appellants' counsel have not discussed any exceptions to the rulings in relation to the reception or rejection of evidence, and I do not think any of them require consideration.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.