BEUTEL *v.* WEST BAY CITY SUGAR CO.

1. STREETS—VACATION—NOTICE—DAMAGES.
   One who is not entitled to notice of proceedings to vacate a street cannot recover damages of a person for causing it to be closed.

2. SAME—PROPERTY OWNERS.
   One who has no property or private right of way abutting upon a street which has been vacated cannot complain.

Error to Bay; Connine, J., presiding. Submitted October 7, 1902. (Docket No. 3.) Decided April 7, 1903.

Case by Robert Beutel against the West Bay City Sugar Company to recover damages for an alleged interference with a right of ingress and egress to a street. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Hall & Brockway* ( *Morris L. Courtright*, of counsel), for appellant.

*T. A. E. & J. C. Weadock* ( *Lee E. Joslyn*, of counsel), for appellee.

MONTGOMERY, J. The case can only be understood by referring to the accompanying plat.

Prior to February 4, 1899, plaintiff was the owner of blocks 6, 7, and 8, and A, B, C, D, E, F, and G. On the

date mentioned he conveyed to Mendal J. Bialy blocks 6, 7, and 8, and also block A, excepting and reserving from the last description, "for the purposes of a public highway, so much and such parts thereof as would be contained within the line of Martin street if extended through and across the same." This would be that part marked on the plat "right of way," extending from the intersection of Roy street easterly to what appears on the plat as Garfield avenue. Prior to this sale the plaintiff had, on a petition filed by him, caused to be vacated Garfield, Grant, Andre, and Sidman streets south of Washington street. The purchase of this property by Bialy was in the interest of the defendant company, and the title was subsequently conveyed to it. The purchase was made for the purpose of establishing a beet sugar plant, and the defendant took measures to vacate Washington street east of Roy street, and the north and south streets intersecting Washington street, and proceedings were had in the circuit court for the county of Bay with this end in view. An order was entered vacating the streets, and the entire property fenced in, and the defendant's plant constructed thereon.

This action is brought by the plaintiff to recover damages for the alleged interference with his right of ingress and egress to Washington street. The plaintiff claims that the proceedings taken to vacate these streets were irregular; but we regard this question as unimportant, for, if the plaintiff is in position to maintain this action, it must be because he occupies such a relation to Washington street as that in any attempt to vacate it he would be entitled to notice of the proceedings, under the authority of *Phillips* v. *Highway Commissioner*, 35 Mich. 15. It is doubtless equally true that, if he occupies a position which would have entitled him to notice of these proceedings, he is entitled to recover damages for the injury to his means of egress and ingress which were interfered with by the closing of the street, unless it shall be held that he is not in position to complain for the reason that

he has other means of egress and ingress through Norwalk
street at the east, and through the public way reserved in
his deed to Bialy,—a point which we need not, in the
view we take of this case, consider.

Andre street is the only north and south street which
was ever opened. Evidently, after it was opened, for the
purpose of making a crossing, the railway company placed
planking at the crossing with Andre street and the rail-
road track. Since this street south of Washington street
has been vacated, this planking has not been removed, and
the plaintiff's testimony is that the railway company has
never interfered with the use of the crossing by the public.
The plaintiff has no title to any part of Andre street lying
within the track of the railway company, and it does not
appear that Andre street is a street south of Washington
street. The question is whether, under these circumstan-
ces, he shows a peculiar damage from the closing of Wash-
ington street other in kind from that which other owners
of property in the vicinity have suffered.

Both parties rely upon the case of *Buhl* v. *Depot Co.*,
98 Mich. 596 (57 N. W. 829, 23 L. R. A. 392). In that
case it was said:

"A distinction may well be held to exist between the
injury which results to an abutting owner, or another so
situated that the means of ingress and egress to and from
his premises are cut off by a discontinuance of a street,
and one owning land upon another street, or on the same
street at a distance from the part of the highway discon-
tinued."

It was further held, in substance, that where the discon-
tinuance of the street left the premises of the plaintiff in a
*cul de sac*, and without means of egress, the plaintiff
might assert that he had suffered peculiar damages, and
recover them. We have no purpose of departing from
this rule. It is also undoubtedly true that, where one has
a private right of way connecting his premises with a
public way, he may be held to be an abutter on the street
by means of the private right of way, and in such case a

discontinuance of the public way would work him a peculiar injury. See *Phillips* v. *Highway Commissioner, supra.*

Does this case fall within the reason of this rule ? There is nothing in this record to indicate that there is a highway crossing of this railway right of way acquired by sufferance, or that the plaintiff is either a lessee or licensee. He has, it is true, been suffered to use the same since the vacation of Andre street south of Washington street, but that he has acquired any rights as against the railway company or others is not made to appear by the record. We think, therefore, that it cannot be said that this plaintiff is shown in any sense to have property abutting upon Washington street, which has been discontinued. It should be stated that the portion of Washington street east of Andre street it is conceded is not open. It does not appear that the dedication has ever been accepted, nor does it appear that the railway company joined in the attempted dedication.

The circuit judge reached the conclusion that the plaintiff had not shown himself entitled to recover, and this judgment is affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.