# Albes *v.* Southern Ry. Co., *et al.*

### Bill to Enjoin Vacating Streets.

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.—51 South. 327.)

1. *Statutes; Repeal; Legislative Power.*—Except as restrained by the Constitution, the legislature has absolute power and may abrogate any right created by it, unless the same constitutes a contract or has become property which cannot be taken without compensation.

2. *Eminent Domain; Compensation; Closing Streets.*—Sec. 235, Const. 1901, has no application to injuries caused by vacating a street so as to require compensation therefor.

3. *Same; Abutting Property.*—Where only the corner of property touched the corner of a street to be closed and no part of said street was immediately opposite the property, such property was not abutting property so as to entitle the owner to damages for closing it, even if it be conceded that an abutting owner is entitled to compensation for vacating a street.

4. *Municipal Corporation; Vacating Streets; Persons Entitled to Object.*—Owners of property not abutting on a street are not entitled to object to additional easements being imposed thereon, and hence, only abutting owners can question the right of a city to require a railroad to erect a depot in a vacated street as a condition precedent to vacating the street through which the railroad ran.

5. *Same.*—If the vacation was otherwise valid, the fact that the city ordered it vacated in contemplation of its being occupied by a railroad as a depot, did not affect the validity of the vacation.

[Albes v. Southern Ry. Co., et al.]

6. *Constitutional Law; Inquiry as to Legislative Intent.*—The courts are without power to inquire into the motive of the legislature in enacting a statute.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Charles Edward Albes against the Southern Railway Company and others to enjoin the vacation of a street, and the imposing of additional easements. From a decree for respondents complainants appeal. Affirmed.

See former report of this case, in 153. Ala. 523; 45 South. 234.

BROWN & KYLE, for appellant.—As the bill now stands it avers injuries sustained in such character as to affect complainant's hotel business as well as the diminution in value of the realty.—*Wadsworth v. Goree,* 96 Ala. 227; *Wilson v. Myer,* 114 Ala. 404. The complainant was an abutting owner.—*Chicago v. Burcky,* 49 Am. St. Rep. 142; *Bir. R. L. & P. Co. v. Moragne,* 44 South. 152; *Richards v. City,* 31 O. St. 516; see also 43 O. St. 190; 52 O. St. 324; *Wakefield v. Lee,* 1 Ex. Div. 336; 1 Ency. of Law, 49; 1 Cyc. 220. Section 235 is to be liberally construed.—*City Council v. Townsend,* 80 Ala. 489. There can be no question but that complainant's right of ingress and egress has been interfered with.—*Pa. Co. v. Stanley,* 10 Ind. App. 421; 37 N. E. 288; 38 N. E. 421. It is not a mere inconvenience shared in common with the general public.—*Dries v. St. Joseph,* 73 S. W. 723; 68 Am. Dec. 650; *Sloss-S. S. & I. Co. v. Johnson,* 147 Ala. 384; *O'Brien v. Central I. Co.,* 92 Am. St. Rep. 306. Whether he was an abutting owner or not complainant suffered special injuries and therefore, the bill contains equity.—*Sloss-S. S. & I. Co., v. Johnson, supra; Jones v. Bright,* 140 Ala. 268; *Rob-*

*erts v. Matthews,* 137 Ala. 523; *Cabel v. Williams,* 127 Ala. 320. Although the city has authority to vacate the streets when it does so and an abutting owner suffers special damages, compensation must be made.—46 Am. St. Rep. 490; 6 Wash. 1; Id. 295; 136 U. S. 121; 135 U. S. 432.

CALLAHAN & HARRIS, and PAUL SPEAKE, for appellee. —The city had charter authority to vacate its streets.—Acts 1890-1, pp. 1310. Having such authority its act in vacating them cannot amount to a nuisance if no negligence intervenes.—*Southern Ry. v. Ables,* 153 Ala. 523; *City Council v. Maddox,* 89 Ala. 183; 1 Cyc 658; 99 U. S. 640; 66 Am. Dec. 437; 71 N. E. 915. It was a matter that rested in the discretion of the council and it is sufficient that it was legally passed regardless of the motives actuating the council.—*McCain v. The State,* 62 Ala. 140. Governmental or legislative discretion is not subject to judicial review.—*Wabash v. Defiance,* 167 U. S. 102; *Paulsam v. Portland,* 149 U. S. 38; 66 Am. Dec. 435; *City Council v. Gilmer,* 33 Ala. 132. It thus appears that under the common law no right of action is afforded and our constitution makes no provision for injury to property by reason of the vacation of a street by a municipal corporation.—*City Council v. Townsend,* 80 Ala. 493; 29 L. R. A. 291; 59 Am. Rep. 797; 8 Atl. 240; 64 Am. Dec. 648. The only injury provided for is in the construction or enlargement of streets or highways.

SIMPSON, J.—The bill in this case was filed by the appellant against the mayor and council of the city of Decatur and the Southern Railway Company, and prays "that respondents be enjoined from vacating Vine street where it crosses the right of way of the Southern

OF ALABAMA.

Railway and from vacating La Fayette street where it crosses said defendant's right of way as to persons in vehicles and on horseback, until compensation is first made to orator for damage that will accrue to his lot and business," and that said mayor and council be restrained and enjoined from donating to said railway company that portion of La Fayette street covered by said railway company's right of way, and that, if said vacation be made, respondent be required to pay damages, etc. This case was before this court at a previous term of the court.—*So. Ry. Co. et al. v. Ables,* 153 Ala. 523, 45 So. 234.

From the plat which is made "Exhibit K" to the bill, it will be seen that the hotel property of the complainant fronts on an open space (part of lot 257), which is bounded on the east by the right of way of the Southern Railway. That part of lot 258 owned by him is bounded on the east by said right of way. La Fayette street bounds said property in the north, with his lot 79 on the opposite side of said street, and Vine street bounds complainant's property on the south. The parts of the streets which are vacated by the city council are described as "that part of Vine street between Railroad and Sycamore streets * * * now covered by the right of way of the Southern Railway Company," also "La Fayette street over the Southern Railway Company's right of way." It will be seen that no part of the streets immediately opposite the complainant's property is vacated or closed, but the corners of complainant's property touch the corners of the parts of the streets vacated. It will be noticed, also, that, according to the agreement and the action of the city council, that part which is vacated was already in the possession of the Southern Railway Company as its "right of way."

It is alleged that said railway company has built a shed across or nearly across Vine street on its right of way, has ploughed up that portion of La Fayette street on its right of way, and built a shed across said street on its right of way, also a cement walk, several inches above the ground, thus rendering it impracticable for vehicles and horses to cross at said crossing. The bill alleges that complainant's property "abuts on and extends along" said street; that "he owns to the center of the street"; that "said corner abuts on and touches defendant's, Southern Railway Company's, right of way, where it is intersected by La Fayette street, said corner being on the south side of said intersection"; also, that "the southeast corner of lot 258, as is above described, abuts on defendant's, Southern Railway Company's, right of way where Vine street intersects said right of way."

When this case was before this court at a previous term, the opinion of the court opens with this statement: "Conceding that the abutting owner of the street has such a private interest therein as would entitle him to compensation under section 235 of the Constitution of 1901 before a vacation thereof by the municipality, the complainant does not bring himself within the protection of said section, as the bill does not aver that he is an abutting owner on those particular parts of the streets that were vacated." While the word "abut" is not used in the bill, as it was originally, yet the description therein shows the exact location as it is shown in this bill, to wit, that the property of complainant corners where the vacated portion of the street corners on the railway right of way, and to which point the street is vacated, but no part of the street in front of the complainant's lot is vacated.

[Albes v. Southern Ry. Co., et al ]

A number of cases are cited in appellant's brief referring to damages claimed, where a railroad has thrown an embankment across a street, and for obstructions otherwise placed on a street, obstructing view, etc. These cases have no application to this case. The point here involved is as to the right of the legislative department of the state, either directly or through the municipality, to vacate a street, and as to the right to demand compensation on account of said vacation. It is a long-recognized principle in our jurisprudence that the legislative department of the state has absolute power, except in so far as it is restrained by the provisions of our Constitution. We fail to see how section 235 of the Constitution can have any application, as that section provides for compensation only "for the property taken, injured or destroyed by the construction or enlargement of its works, highways or improvements," and the act complained of here is not the construction or enlargement of a street, but the opposite, to wit, the destruction, or vacating of a portion of the street.—*City of E. St. L. v. O'Flynn,* 119 Ill., 200, 10 N. E. 395, 59 Am. Rep. 795. Section 23 of the Constitution provides that "private property shall not be taken for, or applied to public use, unless just compensation be first made therefor, nor shall private property be taken for private use, or for the use of corporations, other than municipal, without the consent of the owner" (saving, however, the right of condemnation for a right of way).: The power that creates may destroy, and any right which is the mere creature of legislative power may be taken away, unless in the creation of it there is some element of contract, or in some other way it becomes property which cannot be taken away without compensation.—*Martin v. Hewitt,* 44 Ala. 418, 435; *Curry v. Landers,* 35 Ala. 280, and cases cited.

The Supreme Court of the United States, as well as other courts, has said "that which the law authorizes cannot be a nuisance, such as to give a common-law right of action," and holds that though the Legislature may in authorizing and directing the doing of things injurious to individuals provide for compensation; yet, if no such provision is made, there is no right of compensation.—*Transportation Company v. Chicago,* 99 U. S. 635, 640-41, 25 L. Ed. 336; *So. Ry. v. Ables, supra,* 153 Ala. 523, 45 South. 238. The Supreme Court of Pennsylvania holds that the Legislature has power to vacate a public street without the consent of those whose private interests are affected, and that surrender-ing the right of way to the owners of the soil is not tak-ing private property for public use, and that there is no right of compensation in the proprietors of the land. —*Paul v. Carver,* 24 Pa. 207, 64 Am. Dec. 649. The reasoning of the case just cited is that the roads and streets are the creatures of the Legislature, and it has absolute power over them, and the citizen must trust to its sense of justice in creating and vacating them. The New York Court of Appeals also holds that the Legisla-ture has the power to pass an act closing the streets of New York, and that said act is not unconstitutional be-cause no provision is made for compensation to the own-ers of adjoining lands who are deprived of the right of way where another street is left, giving access to said lands.—*Fearing v. Irwin,* 55 N. Y. 486, 490.

While all the authorities agree that the legislative de-partment has the right to vacate or abolish highways and streets, yet they have not generally followed the logical conclusion of the Supreme Court of Pennsylva-nia, but many of them have adopted the principle that the abutting owner has peculiar rights in the street, some of them placing it upon the ground that he owns

the fee in the street, and all who so hold being of the
opinion that his interests and rights are different in
their nature from those of any other proprietor along
the street, and that, therefore, the abutter is entitled to
compensation.—Elliott on Roads & Streets (1st Ed.)
p. 662; *Heinrich v. City of St. Louis,* 125 Mo. 424, 28
S. W. 626, 46 Am. St. Rep. 490, and note 496; *Chicago
v. Burcky,* 158 Ill. 103, 42 N. E. 178, 29 L. R. A. 568, 49
Am. St. Rep. 142; *Stanwood v. City of Malden,* 157
Mass. 17, 31 N. E. 702, 16 L. R. A. 591; *Davis et al v.
Co. Com'rs,* 153 Mass. 218, 26 N. E. 848, 11 L. R. A. 750;
*Dantzer v. Indianapolis U. Ry.,* 141 Ind. 604, 39 N. E.
223, 225, 226, 34 L. R. A. 769, 50 Am. St. Rep. 343. The
New York Court of Appeals has said that an "abutting
lot denotes a lot bounded on the side of a public street,
in the bed or soil of which the owner of the lot has no
title, estate or interest, or private rights except such as
are incident to a lot so situated."—*Hughes v. N. Y. El.
Ry. Co.,* 130 N. Y. 14, 26, 28 N. E. 765, 767. In a case
before the Supreme Court of Michigan, under an act
providing for compensation "to parties entitled to the
same," it was held, after citing a number of cases, that
one owning property on the corner of two streets, one
of which is closed for several blocks directly beyond his
property, could not recover damages.—*Buhl v. Fort St.
Union Depot,* 98 Mich. 596, 57 N. W. 829, 23 L. R. A.
392.

In another case where the party owned lots which
cornered just opposite the end of the vacated street it
was held by the same court that he could not be consid-
ered as having property abutting on the street.—*Beutel
v. West Bay City Sugar Co.,* 132 Mich. 587, 94 N. W.
202. In the case of *Stanwood v. City of Malden, supra,*
the court said: "The petitioner further contends that
he brings himself within the principles of *Smith v. Bos-*

*ton* (7 Cush., Mass., 254), because, as he says, a small point of land, of which he owns the fee, subject to the public right of way, touched the discontinued part. We do not pause to consider whether the fact is as alleged, because, if it is, it would not affect our decision."— Page 19 of 157 Mass., 703 of 31 N. E. (16 L. R. A. 591).

We think it is plain that even according to the authorities which allow compensation, whether by statute or otherwise, property situated as that of the complainant is not abutting on the part of the street which is vacated. Such property would not be liable for an assessment against abutting owners for an improvement of that part of the street, and, while the injury to it might be greater than the property further away on the same street, yet it is only greater in degree. The access to the lot from the street is the same as it was before, and it would be hard to formulate any reason why the injury is different in its nature from that to property adjoining it, and not cornering on the vacated part of the street.

It is next insisted that the act in question is void because in the contract by which the city agreed to vacate the street there was also an agreement that the railroad company should occupy it for its depot building and shed. It may be said that, the city having the right to vacate the street when it was vacated, the property was then vested in the abutting owners, subject to whatever rights the railroad company had by holding it as its right of way, and the question as to placing additional servitudes on it would be between the railroad company and the abutting owners, also that the fact that the city had in view the occupation of the land by the railroad company for a depot and shed did not render it any less a vacation of the street. The record shows that the city, as it had a right to do, had been insisting in the

interest of the public that the railroad company should erect proper depot facilities, and that the same had been ordered by the railroad commission of the state. The presumption must be that the complainant, whose property was principally valuable for having a hotel convenient to the depot, was benefited at least as much as any other citizen by the improved depot facilities. At any rate, the principle is settled that the courts cannot inquire into the motives of the legislative department in vacating streets or in any other action. If the legislative department is untrue to the trusts imposed upon it, other remedies must be applied.—*Spitzer et al. v. Runyan, Mayor, et al.*, 113 Iowa, 619, 85 N. W. 782, 783; 28 Cyc. 840; *McCain v. State*, 62 Ala. 138, 140; *Wabash R. Co. v. Defiance*, 167 U. S. 88, 102, 17 Sup. Ct. 748, 42 L. Ed. 87; McQuillin on Munic. Ordinances, § 519; 27 Am. & Eng. Ency. Law (2d Ed.) 114.

It results that there was no error in the decree of the court sustaining the demurrers.

The decree of the court is affirmed.

Affirmed.


DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.