Loren H. PLUNKETT et al., Appellants,

v.

W. H. WEDDINGTON, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1958.

Charles B. Zirkle, Louisville, for appellants.

Morris B. Borowitz, Louisville, for appellees.

MONTGOMERY, Judge.

This action was brought to determine the right to use a roadway referred to as Honeysuckle Way No. 1. The appellants, plaintiffs below, unsuccessfully sought to prohibit the appellees from using the roadway, and to that end the right to maintain a barrier or obstruction across the end of the roadway and the removal of a tile placed in a drainage ditch crossing the road.

Appellants are the owners of part of the lots in a subdivision located west of Preston Highway, south of Standiford Field, in Jefferson County. Their lots front on Honeysuckle Way No. 1. Part of the appellees, sued as a class representing all of the owners similarly situated, are owners of lots in another subdivision adjoining the one in which appellants' lots are located. The lots in the second subdivision front on a road referred to as Honeysuckle Way No. 2, which was dedicated in 1951 "as an outlet to Honeysuckle Way." The effect of the judgment appealed from is to make Honeysuckle Way No. 1 serve as an extension of Honeysuckle Way No. 2 for the benefit of the appellees.

Honeysuckle Way No. 1 was dedicated by deed in 1952. The dedicatory language follows:

"* * * dedicate for private use as a private roadway, and for public utilities, for the use and benefit of all adjacent and abutting property owners, and all other persons affected thereby."

The deed concluded with the following covenant:

"* * * the hereinabove dedication * * * shall, and does, hereby constitute and establish a Forty (40) foot Private Roadway, known as Honeysuckle Way, to be for the use and benefit of all adjacent and abutting property owners on both sides of said Roadway."

Pursuant to an agreement recorded in 1954, the lot owners in the subdivision, including appellants, had Honeysuckle Way No. 1 paved with an all-weather hard surface. The paving stopped at the northern edge of a drainage easement twenty feet in width in favor of Edgewood Road District. The easement extended along the south line of the subdivision in which appellants resided and was next to the line

of the subdivision in which appellees lived. A substantial barrier was erected at the south end of the paved portion of Honeysuckle Way No. 1. Thereafter, at the instance of the appellees, the barrier was removed, and a 24-inch concrete culvert was placed in the drainage ditch and covered with crushed rock so that the two theretofore dead end roadways became a continuous roadway and was used by appellees for the purpose of ingress to and egress from their homes on Honeysuckle Way No. 2. It is this use that is sought to be enjoined, plus the removal of the culvert and fill, plus the right to replace and maintain the barrier without let or hindrance on the part of appellees.

An intervening petition was filed on behalf of: (1) L. D. and Hazel Hacker, who owned the southwesternmost lot fronting on Honeysuckle Way No. 1, which was burdened with the drainage easement, and in front of which the culvert or barricade was to be maintained; (2) Edgewood Road District of Jefferson County, which claimed that the culvert and fill were necessary to proper drainage and that the barricade would be a harmful obstruction to the maintenance and possibly to the use of the ditch; and (3) Archie V. Carrell, holder of the fee to the land underlying Honeysuckle Way No. 2, subject to the easement therefor, who claimed to be an abutting owner entitled to use Honeysuckle Way No. 1 under the terms of its dedication. Hacker and wife signed the 1954 agreement providing for the paving. The record does not indicate whether the Hackers paid their proportionate part of the cost of the construction of the hard surface and the barricade.

The Chancellor pointed out in an opinion that "the 1952 dedication was made for the benefit of 'adjacent and abutting property owners, and all other persons affected thereby'," and "that this included the owners of lots in the abutting subdivision, along whose lots there had some 8 months before been dedicated Honeysuckle Way No. 2 'as an outlet to Honeysuckle Way' (No.

1)." The Chancellor's holding was "the Northeast and Northwest lots in the subdivision through which Honeysuckle Way No. 2 passes, as abutting property owners, are entitled to use Honeysuckle Way No. 1 by the clear language of the 1952 dedication; Carrell, Trustee, as the 'owner' of Honeysuckle Way No. 2, (and presumably in 1952, of unsold lots abutting thereon) is similarly entitled to use Honeysuckle 1; and Hacker and wife, and their neighbors across the way are entitled by the language of the 1951 dedication to use Honeysuckle Way No. 2. Also, the maintenance of a permanent barrier (which would be in violation of the rights of the property owners identified in this paragraph) would obviously interfere with the necessary maintenance by the Road District of its drainage ditch."

The decisive question is whether the dedicatory language of the deed for Honeysuckle Way No. 1 is broad enough to include appellees residing in another subdivision or is restricted to appellants owning lots fronting on the street.

It is obvious from the use of the phrases "private use" and "private roadway" that the appellants intended to restrict the use of the way and to exclude the general public. The question is thus narrowed to whether the use is limited to the benefit of the property owners whose property fronts on the sides of the way.

It is necessary to determine the meaning of the words "adjacent" and "abutting," as used twice in the quoted language of the deed. In each instance, the words are used to describe the property owners entitled to use the way.

■ The meaning of the word "adjacent" has been defined in its legal use. As such, it is relative and has more than one meaning. It sometimes means near to or neighboring and sometimes means adjoining, contiguous, or abutting, and its meaning is determined principally by the context in which it is used under the facts of each particular case or subject matter to which applied. State v. Camper, Tex.Civ.

App., 261 S.W.2d 465; State ex rel. Dryman v. District Court of Ninth Judicial District, 128 Mont. 402, 276 P.2d 969; Jacobs Concessions, Inc. v. United States Fidelity & Guaranty Co., 181 Md. 113, 28 A. 2d 858; Long v. London & Lancashire Indemnity Co. of America, 6 Cir., 119 F.2d 628; Alabama Great Southern R. Co. v. Russell, 35 Ala.App. 345, 48· So.2d 239; Bituminous Casualty Corporation v. Walsh & Wells, Inc., Mo.App., 170 S.W.2d 117; In re Clark's Estate, Ohio Prob., 141 N.E. 2d 259.

Many times "adjacent" is used synonymously with "abutting" and the purpose of its use is to be known from the context. Wormley v. Board of Supervisors of Wright County, 108 Iowa 232, 78 N.W. 824. The language of the deed here shows that the two words are used synonymously.

█ In a legal sense, the term "abut" or "abutting," when used in a deed or instrument creating an easement, does not include property adjoining the end of a roadway, alley, or street. Friscoville Realty Co. v. Police Jury, etc., 127 La. 318, 53 So. 578; Amitin v. Izard, Mo.App., 252 S.W.2d 635. In Ables v. Southern Ry. Co., 164 Ala. 356, 51 So. 327, corner lots were held not to be abutting on a street. In Hughes v. New York El. R. Co., 130 N.Y. 14, 28 N.E. 765, 767, it was held that an " 'abutting lot' * * denotes a lot bounded on the side of a public street." See also Buhl v. Fort St. Union Depot Co., 98 Mich. 596, 57 N.W. 829, 23 L.R.A. 392; Beutel v. West Bay City Sugar Co., 132 Mich. 587, 94 N.W. 202. There is authority to the contrary. Royal Transit, Inc. v. Village of West Milwaukee, 266 Wis. 271, 63 N.W.2d 62. When it is recalled that the dedicatory covenant refers to "property owners on both sides of said Roadway," the context shows that "adjacent" and "abutting" refer only to property owners whose property is located on either side of Honeysuckle Way No. 1 and not at its end. This conclusion is strengthened by the use of the phrase "and for public utilities," which, obviously, was for the purpose of making available the necessary rights of way for such utilities as would be needed by the residents of the subdivision. The use by "all other persons affected thereby" is likewise limited to such use as is for the benefit of the owners whose lots front on No. 1.

█ The easement was not created for the use or benefit of the property owners in the subdivision in which Honeysuckle Way No. 2 is located. Nor is Archie V. Carrell, holder of the fee underlying No. 2, entitled to use the easement of Honeysuckle Way No. 1. There is no merit in the claim of Edgewood Road District, holder of an easement across the end of Honeysuckle Way No. 1, that a culvert and fill are necessary to the proper drainage of its ditch or that the barricade would be a harmful obstruction to the maintenance or use of the ditch. Intervenors Hacker are entitled to no greater enjoyment of the easement than they would have been entitled to under the terms of the deed creating it. Generally, an easement cannot be enlarged or extended. The usual purpose of the rule is to prevent an increase in the burden on the servient estate. McBrayer v. Davis, Ky., 307 S.W. 2d 14. The owner of the dominant estate cannot increase the burden imposed on the servient estate by the grant of the easement. Cleve v. Nairin, 204 Ky. 342, 264 S.W. 741; Perkins v. Jones, 215 Ky. 189, 284 S.W. 1031. Thus, the easement created for the benefit of the property owners owning property fronting on the two sides of Honeysuckle Way No. 1 cannot be enlarged or extended for the benefit of the owners of other parcels of land.

City of Druid Hills v. Broadway Baptist Church, Ky., 316 S.W.2d 698, concerned a public way and, therefore, is distinguishable from this case. While the deed relied on by appellants contained the words "dedicate" and "dedication," there was no dedication as defined in Grinestaff v. Grinestaff, Ky., 318 S.W.2d 881, but there was the creation of a private easement.

Judgment reversed for proceedings consistent herewith.