SOURS, Plaintiff-Appellee, v. RALSTON STEEL CAR CO., et,
Defendants-Appellants.

Ohio Appeals, Second District, Franklin County.

No. 4109.   Decided September 30, 1948.

Hugh S. Jenkins, Atty. Genl., Frederick L. Orum, Asst. Atty.
Genl., Columbus, for plaintiff-appellee.

Marion A. Ross, Theodore L. Horst, Columbus, for defendants-
appellants.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the
Common Pleas Court of Franklin County, Ohio, dismissing the
amended answer and cross-petition of the defendant-appellant,
Maie C. Lampe, in a proceeding instituted by H. G. Sours,
Director of Highways of the State of Ohio, for the purpose of
adjudicating all claims wherein the claimants and the Director
of Highways were unable to agree.

The controversy arose by reason of a grade crossing elimination at the intersection of James Road and the right of way of the Baltimore & Ohio Railroad Company, the Pennsylvania Railroad Company and the New York Central Railroad Company in the City of Columbus, Ohio. It is undisputed that the Director of Highways duly entered on his journal a Notice of Intention to proceed and published the Notice of Intention to proceed as required by law. Service of the notice was made upon all property owners considered by the Director of Highways as abutting upon the improvement. The appellant was not regarded as the owner of abutting property and was not served with a notice. The appellant failed to file a claim for compensation or damages within the time prescribed in the published notice.

On December 30, 1942, the Attorney General of Ohio filed an application in the Common Pleas Court of Franklin County, Ohio, for an adjudication of the claims on which there was a disagreement. Thereafter appellant upon her application was made party defendant in this proceeding and was granted leave to file an answer and cross-petition. The matter came on to be heard on the appellant's amended answer and cross-petition and the motion of appellee for an order dismissing said amended answer and cross-petition. Some evidence was taken after which the Court sustained the motion to dismiss.

Although the appellant has assigned five separate grounds of error counsel for appellant in his brief states that the record presents one question of law, viz.: has the appellant the right to have her claim for damages to her property tried to a jury, where the trial court has determined that although the property of the appellant "abuts on James Road and that James Road has been closed north of defendant's property, the evidence also disclosed that said defendant has reasonable access to and from her property and that, therefore, her claim may not be submitted to a jury".

Inasmuch as the appellant failed to file a claim for compensation or damages within the time designated in the published notice, her claim is deemed to have been waived under this provision of §1182-12 GC. The appellant's only remedy is to establish the fact that she is the owner of property abutting on a portion of the highway which was physically changed or which has been vacated and therefore was entitled to have notice served on her as an abutting property owner.

The determination of this issue requires the Court to construe §1182-12 GC which in part provides:

"A true copy of said notice shall be served upon the owner or owners of all property to be taken, and on owners of land abutting on any portion of the highway to be physically changed, or which will be vacated in the construction of the improvement."

Is the appellant the owner of abutting property? If so, she is entitled to have her claim to compensation and damages submitted to a jury under the provisions of §1182-13 GC. If appellant is not an abutting property owner within the meaning of the provision of §1182-12 GC, quoted above, she is regarded as having been served by publication, and not having filed a claim within the required time the claim is deemed to have been waived.

The essential facts are briefly stated as follows: James Road was a continuing thoroughfare extending in a northerly and southerly direction in the eastern part of the City of Columbus, Ohio. A short distance north of appellant's property, which was located on the west side of James Road, there was a railroad crossing. This crossing was eliminated and that portion of James Road was vacated. The southern end of the vacated strip of Road was at a point determined by projecting the northern lot line of appellant's property across James Road. The northeast corner of the appellant's property becomes the southwest corner of the strip of road vacated. No portion of the highway which lies in front of the property was vacated. Neither was it physically changed in any respect. The ingress and egress to said property from James Road was not disturbed or affected. A portion of James Road several hundred feet south of appellant's property was relocated so that James Road intersects with the new highway at right angles. At this intersection there has been constructed a "turn-around" for use of busses transporting persons to and from the United States Government Depot which is located on the east side of James Road. The new improved highway extends in a northerly and southerly direction a short distance to the west of appellant's property. Near the intersection of James Road and the improved highway an upgrade begins and immediately to the west of appellant's property the improved highway is elevated approximately 30 feet to provide for the viaduct extending across the railroad right of way at an elevation of approximately 40 feet and beyond the viaduct access roadways are constructed in the nature of a "clover-leaf" development. The property of appellant at no point abuts the improved highway.

Access is given to the street system from appellant's property by traveling in a southerly direction over James Road several hundred feet to the intersection of said road and the improved highway. The vacation of James Road to the north of appellant's property cuts off access and travel from and to appellant's property from this direction. The vacation of this strip of road forms a cul-de-sac.

Compensation and damages are awarded to three classes of property owners:

First, owners of land taken or to be taken;

Second, owners of land abutting on any portion of the highway which has been or is to be physically changed;

Third, owners of land abutting on the portion of the highway vacated in the construction of the improvement.

The appellant does not fall in the first class but it is contended that she falls in the second and third classes.

The appellant claims that in approaching the improved highway and joining the flow of traffic on said highway from James Road it is necessary to travel up grade, but the record shows these two highways are joined at grade. The appellant also contends that by reason of the construction of the viaduct and the elevation of the highway to the west of her property more water is caused to flow across her property. However, no claim for damages on this ground is alleged in her cross-petition. The gist of appellant's claim is that her property abuts on a portion of the highway which was physically changed and which was vacated. Her claim to compensation and damages is mainly based on her contention that by the elimination of the crossing on the James Road and the vacation of this strip of the road the means of access to the appellant's property has been affected to her detriment.

We are not without a pronouncement of our Supreme Court in this matter. In **N. Y. C. & St. L. Rd. Co. v. Bucsi, 128 Oh St 134**, 190 N. E. p. 562, the syllabus is as follows:

"1. Where a duly dedicated and accepted east-and-west street of a city is vacated by the city some distance from its eastern terminus and completely closed to travel, the owner of property abutting upon such street, but not upon the vacated portion thereof, has no right of action for damages because of such vacation, so long as his access to the city street system to the west is not impaired.

"2. Under such circumstances, the abutting property owner's damage, if any, differs in degree but not in kind from that of

the general public, and his legal status falls within the category of damnum absque injuria."

Our Supreme Court recognized that divergent views have been expressed relative to the right of a nonabutting property owner to compensation and damages. The Court on page 145 say:

"We are fully aware that the rule adhered to by this court in this case may be harsh under certain circumstances, but any other rule would breed untold confusion. If one nonabutter on a street that had been closed at one end could maintain an action for damages, then every other nonabutter would have the same right; and the rule of damages would be of such a speculative nature as to open a wide avenue for imposition.

"The time has come when Ohio must adopt one of the two rules. There is no middle ground. Either each and every nonabutter upon a vacated street must be given a right of action for damages, or such right must be denied all nonabutters. The term 'nonabutter' as used herein is used in the sense that the property in question does not abut upon that part of the street that is vacated."

The Court in the Bucsi case reviewed many Ohio cases and we do not deem it necessary to review them here. The case of **Schimmelmann v. Railway Co., 83 Oh St 356, 94 N. E. 840,** relied on by the appellant is distinguishable on the facts.

In the case at bar, a corner of appellant's property touches the corner of the vacated portion of James Road. In our opinion this fact does not make the appellant an abutter. In Albes v. Southern Railroad Co., 164 Ala., 356, it was held:

"Where only the corner of property touched the corner of a street to be closed and no part of said street was immediately opposite the property, such property was not abutting property so as to entitle the owner to damages for closing it, even if it be conceded that an abutting owner is entitled to compensation for vacating a street."

While it is pointed out that courts of other states have adopted a more liberal rule we are constrained to follow and

apply the principle of law laid down by our Supreme Court in the Bucsi case.

It is urged by appellant that since the State is now embarking on new type of highway development which requires the construction of viaducts and clover-leaf intersections which affect property owners over a wide area and that in such development there is a possibility of pieces of property being completely surrounded by the improvement and yet not considered as abutting property under the present interpretation of the statute, a new and a more liberal construction should be given to our statute. This suggestion lies in the field of legislative policy and not with the courts.

We conclude that the appellant was not an abutting owner within the provision of §1182-12 GC. Since appellant was not an abutting owner she was not entitled to be served with a notice as provided by §1182-12 GC. In our opinion under the ruling in the Bucsi case the appellant is not entitled to compensation and damages.

Finding no error in the record, the judgment is affirmed.

MILLER and HORNBECK,, JJ, concur.