## Perkins, et al. v. Jones, et al.

(Decided June 15, 1926.)

### Appeal from Whitley Circuit Court.

1. Easements.—Subdivision of land gives owner after division right to use existing farm road as appurtenance of his land, but not to use it for benefit of other lands.
2. Easements.—Reservation of right of way in consideration of helping to keep up gates held personal to grantor.
3. Easements.—Equity will not enjoin obstruction of way which does not affect complainant's legal rights but only prevents wrongful use as appurtenance of other lands.

STEPHENS & STEELY for appellants.

HARRY C. GILLIS for appellees.

Opinion of the Court by Commissioner Hobson—Reversing.

Edward Perkins owned at his death a farm in Whitley county. After his death, in May, 1912, the farm was divided between his wife and children by commissioners appointed for that purpose and deeds were made pursuant to the allotment. In this allotment the farm was divided into a large number of lots, leaving a road ten feet wide from the county road at Lot running through the farm to the Tennessee line. This road had existed as a farm road for many years before the division was made. R. L. Jones and Mary Jones own three of the lots abutting on this ten foot road. They also own a farm in Tennessee adjoining the Kentucky line, and opposite the point where this road strikes the Tennessee line. The owners of the lots next to the Tennessee line placed an obstruction in the road at the Tennessee line to prevent people from passing over the passway in going to or from Tennesse. Thereupon Jones and wife brought this suit against them alleging the facts above stated and alleging that the road furnished the only means of ingress and egress from the three lots they own in the Perkins farm to and from their home property at Lot and their farm in Tennessee adjoining the state line; that the road was the only convenient and practicable road between plaintiffs' home property at Lot and their Tennessee farm and was necessary for their use in transporting the products of their said farm to their home and for use in passing to and from their home and their farm and had been so used as a road and passway for more than fifteen years. They prayed an injunction requiring the defendants to remove the obstruction from the road. The allegations of the petition were denied, proof was taken, and on final hearing the circuit court adjudged the plaintiffs the relief sought. The defendants appeal.

The undisputed evidence shows that there has been no adverse use of the road for fifteen years. While the road has been used for more than fifteen years the proof is undisputed that the use was permissive.

The chief ground upon which the plaintiffs rely is that the road was left in the division of the land. This gives each of the lot owners the right to use the road as an appurtenance of his lot, but it does not give him the right to increase the servitude by using the road for the benefit of other property. This precise question was pre-

sented in Miller v. Winegart, 317 Ill. 179, where as here a tract was divided into lots and one of the lot owners sought to use a roadway established in the division in connection with another piece of property which he owned. Holding that he was not entitled to so use the road the court said:

"The plat of the driveway and of the subdivision, and the grant in the deeds from defendant in error to the purchasers of the lots, created an easement in favor of the lots in the subdivision over the driveway. The extent of the easement was limited to the use, only, of the lot owners in the subdivision and while using the lots granted to them. The use of the driveway for the purpose of egress and ingress from and to plaintiffs in error's farm was an additional burden on the servient estate which was not included in the grant. The law is well settled that an easement that is appurtenant to one lot or tract cannot be used in connection with another lot or tract, although the other lot or tract belongs to the owner of the dominant estate to which the easement is appurtenant and although the two tracts or lots join. The owner of the dominant estate can not increase the burden on the servient estate by the grant of the easement. This rule is applicable whether the way was created by grant, reservation, prescription or as a way of necessity. 'One having a right of way to his land Blackacre over the land of another has no right to drive his cattle to Blackacre and then to other land beyond it.' "

The same rule is laid down in Jones on Easements, section 360, and in section 361 the following illustrations of the rule are given:

"By the division of a farm one part owner became entitled to a right of way as appurtenant to a three-acre lot. This owner also acquired another lot of nine acres adjoining to and beyond the three-acre lot by another title. Between these two lots there were no fences, and being mowing land, the grass was cut and the hay made on both, without regard to the dividing line: the hay laid in windrows across both and a load of hay taken partly from one and partly from the other was driven over the way acquired in the division, passing last from the three-acre lot. It

was held that such owner had no right to use the way as a way from the nine-acre lot. Taking the hay from both lots indiscriminately was, in effect, making use of the way as a way to and from the nine-acre lot, though the cart passed last from the three-acre lot, and such use was beyond the limit of the right reserved, and trespass *quare clausum* would lie for the abuse of the right. If the owner of a parcel of land lays out an alley in the rear of it to a street, divides the land into lots and sells the lots to different purchasers, giving each a right of way in the alley, imposing upon each the duty of keeping a proportionate part of the way in repair, a purchaser of one of the lots has no right to purchase other land adjoining such way and use it for access to such other land.'' See also 21 R. C. L., p. 1236, section 30; 19 C. J.; p. 979, section 227.

It is therefore clear that the plaintiffs have no right to the relief sought in the petition by reason of the fact that they own three of the lots in which the farm was divided, leaving the ten-foot road running through the farm and adjoining their lots.

They also show that this farm was conveyed to Edward Perkins on June 16, 1887, by John Archer and wife, and that in the deed Archer made this reservation:

"Also I reserve right of way from Smith store for a wagon road on his main road with same to state line through said farm by helping keep up the gates, etc., also reserving a small graveyard above house and right of way to same 'to me and my heirs only.' "

But the plaintiffs produce no deed from John Archer conveying any such right and they do not show that Archer in 1887, when the above deed was made, owned the Polly farm in Tennessee, which the plaintiffs now own, and the record indicates that he did not then own it. The record shows without contradiction that Pleas Polly, who lived there for many years, paid Perkins $2.00 a year for the use of the road and that his son John Polly who succeeded him paid Perkins $4.00 a year. As the reservation to Archer of the use of the road was by his helping keep up the gates, etc., the natural meaning would be that it was a personal right to him.

It is urged that the Tennessee line has no breadth and that the obstruction is in a part of the road in Kentucky. But the plaintiffs cannot for this maintain the action. The obstruction in the road at the Tennessee line affected no legal right of the plaintiffs, as they had no right to use the road to go to or from the farm in Tennessee. They cannot have relief in equity enjoining an obstruction which did not affect their legal rights in any way but only served to prevent a wrongful use of the road by them. 14 R. C. L., p. 353, section 56.

> "Equity withholds her aid from those who transgress the law in and about a matter in which redress is sought." 32 C. J., p. 68, section 50, note 12.

Under the admitted facts the plaintiffs are clearly not entitled to have the road opened for their benefit as the owners of a farm in Tennessee.

Judgment reversed and cause remanded with directions to enter a judgment dismissing the petition.