**Josie S. McBRAYER, Appellant,**

**v.**

**R. D. DAVIS et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 20, 1957.

Rehearing Denied Dec. 5, 1957.

Howard VanAntwerp, Jr., and Howard VanAntwerp, III, Ashland, for appellant.

W. H. Dysard, R. D. Davis, Ira M. Nickell and Herbert L. Rose, Ashland, for appellees.

CAMMACK, Judge.

This is a class action brought by the appellant, Mrs. Josie S. McBrayer, in behalf of herself and other similarly situated lot owners to enjoin the trustees of the estate of Mrs. Eliza J. G. Salisbury from conveying a part of the trust property and to enjoin the prospective purchaser from using

a private roadway to reach land not a part of the original Salisbury property.

Some history of the property involved is necessary to an understanding of the claims of the parties. Mrs. Eliza J. G. Salisbury was the owner of a large tract of land in Ashland, west of the west end of Bath Avenue. There were two dwellings on this property commonly referred to as the "big house" and the "cottage." Around 1910, Mrs. Salisbury had these two dwellings moved. The big house was moved to the south and the cottage was moved to the south and west. The big house when moved faced north instead of the northeasterly direction it faced originally. The cottage faced in a northeasterly direction and was nearer the south curb line of the passway in dispute than was the big house. Mrs. Salisbury then divided the northern portion of the tract into lots extending to the north curb line of the passway, which she sold.

The deed to each lot contained wording substantially the same as the following easement provision from one of them:

"There is further given and granted unto the party of the second part, his heirs and assigns forever the right to use as a passway and as a means of ingress and egress jointly with the party of the first part, their heirs and assigns the roadway between the north and south curb lines as now established west of the west end of Bath Avenue. And the said roadway shall always remain open for the use of the party of the second part, his heirs and assigns jointly with the party of first part and their heirs and assigns."

The roadway referred to came to a dead end in a turn circle on the land retained by Mrs. Salisbury.

Upon her death, Mrs. Salisbury left her property in trust. The trustees seek to convey a 30x95 feet portion of this trust property, extending west from the west end of the passway to the western boundary of the Salisbury tract, and to grant the purchaser the right to use the passway to reach other adjoining land owned by him. At the time of the division of the Salisbury tract in 1910, and as at present, this adjoining land formed the Salisbury western boundary. It never was a part of the Salisbury tract.

The appellant, claiming under the original easement grant, contends that the action of the trustees will enlarge and extend the easement so as to interfere with her dominant tenement in the way.

■ Although it has been stated generally that an easement can not be enlarged or extended, the usual purpose of the rule is prevention of an increase of the burden upon the servient estate. Cleve v. Nairin, 204 Ky. 342, 264 S.W. 741; Perkins v. Jones, 215 Ky. 189, 284 S.W. 1031. And it has been held that the owner of the servient tenement and the rights incident to the fee is not limited as to the number or character of the easements to which he may subject his land. Galletly v. Bockius, 1 Cal.App. 724, 82 P. 1109. See also City of Pasadena v. California-Michigan Land and Water Company, 17 Cal.2d 576, 110 P.2d 983, 133 A.L.R. 1186. The Delaware Court in Reiver v. Voshell, 18 Del.Ch. 260, 158 A. 366, held that an owner who subdivided land and conveyed houses and lots to several grantees with an easement over an alley in which the grantor retained the fee could not later sell an easement over the alley in equal terms to another whose title was derived from a stranger. In Kirkham v. Sharp, 1 Whart., Pa., 323, 29 Am.Dec. 57, it was held that the owner of the fee had no right to use an alley to reach land owned by him after he had plotted a real estate improvement and granted easements, when such use of the alley had not been made before the grants. Thus it can be seen there is authority for holding that the terms of the grant need not be exclusive to preclude the servient estate from granting similar easements to owners of property which was not a part of the original tract. In situations where there has been a plotting and development of real estate improvement,

and lots with easements have been sold after the plan has been completed, the granting of additional easements would impair and interfere with the rights of the holders of the original easements.

In the case before us the common grantor of the easements divided her property into lots representing a real estate development plan. Only after the division was complete did she sell her lots and the buyers thereof were entitled to the belief that the arrangement would continue substantially the same as it then was. This arrangement gave to both grantor and grantee the right to use the roadway "as now established." The Salisbury heirs and assigns and the appellant are entitled to use the roadway as a passway and as a means of ingress and egress, but none of them can enlarge and extend this use to reach property not a part of the original subdivision.

We have held that the servient owner can not use the fee in a manner which would put an unreasonable burden upon a pipe line easement and violate the rights thereunder. Central Kentucky Natural Gas Company v. Huls, Ky., 241 S.W.2d 986, 28 A.L.R.2d 621. However, we have found no cases in this jurisdiction defining an unreasonable burden on a private roadway. We are disposed to follow the reasoning of the cases cited from other jurisdictions which hold that the owner of the servient tenement can not extend or enlarge the easement to include property not a part of the original tract, thus increasing the burden of repair on the dominant tenement, without the consent of the parties affected.

There is some evidence that an attempt was made to have the roadway dedicated as a public way. There is no evidence sufficient to indicate an acceptance of that attempted dedication, and in recent years the appellant contributed to the expense of paving the roadway with a two inch bituminous surface. A dedication at this late date without the consent of the appellant could not be countenanced. 28 C.J.S. Easements § 64.

We have not considered the question of the right of the trustees to sell the trust property under the will of Mrs. Eliza J. G. Salisbury, but have confined our review to the rights of the owner of the dominant tenement in the private roadway in dispute.

Judgment reversed, and remanded with directions that a judgment be entered not inconsistent with this opinion.