Elvin SMITH and Martha Smith, his
wife, Appellants,

v.

R. Fred COMBS and Linda Combs,
his wife, Appellees.

Court of Appeals of Kentucky.

Aug. 5, 1977.

Moss Noble, Jackson, for appellants.

Michael E. McGrath, Miller, Stidham &
McGrath, Jackson, for appellees.

Before VANCE, WILHOIT and WIN-
TERSHEIMER, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the
Breathitt Circuit Court holding that the
appellees, Fred and Linda Combs, have the
right to use a roadway constructed by the
appellants, Elvin and Martha Smith, and
enjoining the appellants from interfering
with the appellees' use of the roadway.

Sollie Combs and his daughter, Marie F.
Hollon, were the owners of a tract of land
located on Highway 15 in Breathitt County,
Kentucky. This tract was bounded by the
highway on the east, by Lost Creek on the
north, and by other property of Combs and
Hollon on the west and south. On August
22, 1974, they sold a one-acre lot from this
tract to the appellants. The southeastern
corner of this lot was located approximately

six hundred feet west of the highway and the deed to appellants also granted to them "a road right-of-way" of about eight hundred feet in length running across the property of Combs and Hollon from Highway 15 to the southwestern corner of appellants' lot. This right-of-way adjoined the "front" or southern boundary of their lot for slightly over two hundred feet.

Previously, Combs and Hollon had conveyed another lot from this tract to Roy Warrix. This lot adjoined appellant's lot on the east and its southeastern corner was approximately three hundred feet west of the highway. A third lot adjoining Warrix and running to the highway was conveyed to Arnett Noble during the month after the conveyance to appellants. The right-of-way contained in appellants' deed passed in front of these two lots. Both Warrix and Noble were also given by Combs and Hollon the right to use that portion of the right-of-way bordering the fronts of their respective lots and running to the highway.

On February 26, 1974, Marie F. Hollon, her father having died, conveyed another lot from the tract to Arnett Noble. This lot contained 3.80 acres and lay to the north or "rear" and to the west of the three other lots already conveyed. The northern boundary of the lot ran to Lost Creek. The deed of conveyance had a plat attached to it and incorporated into it by reference showing a "roadway easement" running from Highway 15 to the southwestern boundary of appellants' lot. To that point it described the same right-of-way previously granted to appellants. This "roadway easement" then made a ninety degree turn to the north and ran adjoining the western boundary of appellants' lot to the southwestern line of the 3.80 acre lot.

In July, 1974, Noble conveyed this lot to the appellees. The deed of conveyance made no mention of the "roadway easement". Appellees then subdivided the 3.80 acre lot into nine smaller lots and proposed to sell these lots.

This action was brought to enjoin the appellants from blocking the road which they had constructed along the right-of-way described in their deed and from interfering with the appellees' use of the right-of-way. Appellants argue that the deed to appellees made no mention of the "roadway easement" and therefore granted them no use of it and that even if it had, such a grant would be of no effect without appellants' consent since it placed an unreasonable burden on appellants' easement.

We disagree with the argument that the fact that the deed from Arnett Noble to the appellees made no mention of the "roadway easement" necessarily results in the appellees having no right to use the roadway. Such a roadway under the facts of this case would clearly be an easement appurtenant to the 3.80 acre lot. *Martin v. Music*, Ky., 254 S.W.2d 701 (1953). Easements appurtenant pass with the land to which they are appurtenant without mention in the deed. KRS 381.200; *Eastham v. Church*, 310 Ky. 93, 219 S.W.2d 406 (1949).

The more difficult question presented here is whether the grant of the easement to Noble which passed to appellees and is sought to be used by them and their prospective grantees places an unreasonable burden on the easement already given to the appellants. In *McBrayer v. Davis*, Ky., 307 S.W.2d 14 (1957), the Court seemed to hold that no unreasonable burden is placed on a private roadway easement by granting additional parties the right to use it as long as the right of use is given only to land which constituted a part of the original tract subdivided. The subsequent case of *Delph v. Daly*, Ky., 444 S.W.2d 738 (1969), involved a situation in which a roadway was being extended to another part of the original tract owned by the subdividers. While citing the *McBrayer* case for the proposition that the use of the roadway could not be extended beyond the original tract, the Court went on to consider whether the additional use of the roadway would be an unreasonable burden on the existing easement. Finding that the additional use was contemplated by the parties the Court concluded, therefore, that it could not constitute an unreasonable burden. The present status of our case law, then, is that

extending the use of a roadway easement to land not a part of the original tract constitutes an unreasonable burden, *McBrayer v. Davis, supra.* Whether or not anything short of that can be an unreasonable burden seems to be a question of fact, although when the additional use was contemplated by the parties such use cannot be held unreasonable, *Delph v. Daly, supra.*

■ The trial court made no findings of fact bearing upon whether the additional use would constitute an unreasonable burden on appellants' easement or upon what was contemplated by the parties at the time appellants were conveyed their lot. No request was made for any such findings. CR 52.04. The trial court, however, reached no conclusion on the determinative issue of the reasonableness of the additional burden to the appellants' easement. CR 52.01.

The judgment herein is vacated and this cause is remanded to the circuit court with instructions that it make findings of fact based on the record and conclusions of law concerning the reasonableness of the added burden to the appellants' easement and that it enter a new judgment in conformity therewith.

All concur.

APPENDIX