**ESTATE OF Tony TURNER, By & Through Administratrix, Geraldine TURNER, Appellant,**

v.

**GLOBE INDEMNITY COMPANY, Appellee.**

No. 2005–CA–002580–MR.

Court of Appeals of Kentucky.

March 2, 2007.

Discretionary Review Denied by Supreme Court June 13, 2007.

As Modified June 15, 2007.

Russell D. Alred, Fred M. Busroe, Jr., Harlan, KY, for Appellant.

Deborah C. Stevens, Summer H. Stevens, Knoxville, TN, Melany Taylor, Lexington, KY, for Appellee.

Before ACREE and TAYLOR, Judges; KNOPF,[1] Senior Judge.

## OPINION

ACREE, Judge.

The Estate of Tony Turner, by and through its Administrator, Geraldine Turner, brings this appeal from a December 5, 2005, summary judgment of the Harlan Circuit Court dismissing its case against Globe Indemnity Company (Globe). For the reasons set forth below, we affirm.

Prior to his death, Tony Turner (Turner) resided in Harlan, Kentucky, and was employed as a news anchorman at WYMT–TV (WYMT) in Hazard. WYMT is owned by Gray Communication System, Inc. (Gray). It was Turner's custom each week to drive from his home in Harlan to WYMT in Hazard and pick up a company vehicle. He customarily kept the company vehicle for the duration of the week. On Monday morning, June 10, 2002, Turner called into WYMT to tell them he would be working from Harlan that day. However, Turner was later assigned to a news story in Whitley County. He did not drive to Hazard to pick up a company vehicle nor did he call WYMT to inquire as to the availability of a company vehicle. Turner instead drove directly from Harlan to Whitley County. After completing his work on the news story, while on his trip back to his home, Turner's car was struck by another vehicle. Turner died of his injuries on June 30, 2002.

Turner's wife, Geraldine Turner (Ms. Turner), settled with the driver of the

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

vehicle that struck her husband's car for the policy limits of that driver's insurance. She also collected the underinsured motorist (UIM) coverage limits under Turner's private automobile policy. Ms. Turner also made a claim for UIM coverage from Gray's insurance carrier, Globe. Globe denied coverage on the grounds that Turner was not driving a covered vehicle.

Under Globe's policy, UIM coverage was only available to occupants of autos owned by Gray or a temporary substitute for a covered auto. The UIM coverage endorsement to Globe's policy defines an insured as:

> Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.

Based on this definition, Globe filed a Motion for Summary Judgment with the trial court. It argued that Turner's personal vehicle was not a temporary substitute and therefore was not covered for UIM purposes. Globe supported its motion with the affidavits of Wayne Martin, WYMT's President, and Ernestine Cornett, General Manager of WYMT in Hazard, to the effect that: Turner was driving his vehicle by his own choice; no company vehicles were out of service for any reason; and, more specifically, no vehicles were out of service because of breakdown, repair, servicing, loss or destruction.

Ms. Turner, on behalf of her husband's estate, argued that her husband was compelled to use his personal vehicle on June 10, 2002, as a temporary substitute for a company vehicle that was unsuitable to drive the terrain from Harlan to Whitley County. Two affidavits were submitted in support of this argument. Ms. Turner's affidavit alleged that her husband used his vehicle that day because at least two of the company vehicles were unsafe and broken down. She also asserted that her husband often drove his own vehicle because he believed the company vehicles were unsafe. The second affidavit was from an auto mechanic, Dan Walker (Walker). Walker reviewed the available repair records for the WYMT fleet of ten vehicles. He determined that one vehicle had been repaired seventeen days after Turner's accident and concluded that the vehicle was in need of repair and not in driving condition on June 10, 2002.

On December 5, 2005, the Harlan Circuit Court granted summary judgment in favor of Globe and dismissed Turner's case with prejudice. The Court held that there were no material facts in question because Turner was not an "insured" for UIM purposes under the terms of Globe's insurance policy with Gray.

■ Our standard of review of an order granting summary judgment is well-settled. That standard is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment is proper when it appears that it would be impossible for the adverse party to produce evidence at trial supporting a judgment in his favor. *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 276 (Ky.1991). We must review the record in a light most favorable to the party opposing the motion and must resolve all doubts in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991).

■ We agree with the trial court's analysis that for Ms. Turner to prevail, she needed to provide some evidence to show: (1) that no company vehicle was available for her husband because of breakdown,

repair, servicing, loss or destruction, and (2) that Turner was driving his personal vehicle because of this unavailability. While we are not without sympathy for Ms. Turner in the loss of her husband, we believe the trial court correctly concluded that there were serviceable fleet vehicles available to Turner, and that he chose to drive his own vehicle for his own convenience. We are thus compelled to conclude, as did the trial court, that Ms. Turner did not present the evidence necessary to create an issue of fact in support her claim.

Mr. Walker's affidavit attempts to establish that a company vehicle was out of service on June 10, 2002, based on its service records. However, even if we were to accept that this particular vehicle was out of service on June 10, there is still no evidence before us indicating that any of the other company vehicles were unavailable for Turner's use. Ms. Turner's affidavit contains only statements made to her by her husband, constituting information outside her own personal knowledge. At trial, that information would constitute inadmissible hearsay. Kentucky Rule of Civil Procedure (CR) 56.05. There being no genuine issue of material fact regarding Turner's claim, we find no error in the trial court's grant of summary judgment.

For the foregoing reasons, the Harlan Circuit Court's order granting summary judgment to Globe Indemnity Company is affirmed.

ALL CONCUR.