RENDERED: JANUARY 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0727-MR

AUGUST PROPERTIES, LLC                                       APPELLANT

|  | APPEAL FROM SCOTT CIRCUIT COURT |
|---|---|
| v. | HONORABLE JEREMY MATTOX, JUDGE |
|  | ACTION NO. 15-CI-00689 |

GEORGETOWN MEDICAL
ALLIANCE, LLC; AND NRA-
GEORGETOWN, KENTUCKY, LLC                    APPELLEES

AND

NO. 2020-CA-0729-MR

AUGUST PROPERTIES, LLC                                       APPELLANT

|  | APPEAL FROM SCOTT CIRCUIT COURT |
|---|---|
| v. | HONORABLE JEREMY MATTOX, JUDGE |
|  | ACTION NO. 15-CI-00691 |

SPIRIT SPE PORTFOLIO CA
STORES, LLC; AND GPM APPLE,
LLC                                                       APPELLEES

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  These are consolidated appeals from summary judgment orders of the Scott Circuit Court, dismissing August Properties, LLC's ("Appellant") claims against Georgetown Medical Alliance, LLC ("GMA") and NRA-Georgetown, Kentucky, LLC ("NRA") (Case No. 2020-CA-0727-MR) and Spirit SPE Portfolio CA Stores, LLC ("Spirit") and GPM Apple, LLC ("Apple") (Case No. 2020-CA-0729-MR) (collectively, "Appellees").  After careful review, we affirm in part, reverse in part, and remand for proceedings consistent with this Opinion.

Appellant is the owner and developer of a business and shopping center in Georgetown, Kentucky known as Pioneer Plaza.  In 1995, Appellant subdivided its property into four lots.  Lots 1-3 are smaller lots located on the western part of the property.  The recorded final subdivision plat shows an access easement separating the larger Lot 4 from the other three lots.  The plat also shows an access easement between Lot 2 and 3 granting access to U.S. Highway 25.

In 1996, Appellant sold Lot 3 to Farmers Bank and Trust Company.  Lot 3 was conveyed to GMA on October 23, 2007, who then leased the property to

-2-

NRA, who own and operate a dialysis clinic. In 2006, Lots 1 and 2 were consolidated and sold to Thomas Realty, LLC. In 2015, Spirit purchased property and leased it to Apple, who operate a convenience store and gas station. By 2006, the access easement connecting the subdivided lots to U.S. Highway 25 had been named Mary Lynn Drive and appellant had extended Mary Lynn Drive across the north-south access easement and down the entire length of the shopping plaza.

On December 16, 2015, Appellant filed complaints[1] in the Scott Circuit Court alleging that Appellees had trespassed upon its private roadway and sought an injunction and an order requiring the businesses to contribute to the maintenance of Mary Lynn Drive. Appellees filed motions for summary judgment[2] arguing, as a matter of law, Appellant could not prove trespass and was responsible for maintaining Mary Lynn Drive. The trial court granted Appellees' motions for summary judgment on May 5, 2020.[3] This consolidated appeal followed.

---

[1] August filed a first amended complaint in civil action No. 15-CI-00691 on July 26, 2016 substituting Spirit and Apple as parties. It filed a second amended complaint on January 11, 2017. Apple filed a counterclaim along with its answer to the second amended complaint, seeking an injunction requiring August to maintain Mary Lynn Drive in accordance with an alleged obligation. In civil action No. 15-CI-00689, August filed a first amended complaint on September 19, 2017 abandoning allegations in the original complaint about a retaining wall.

[2] Technically, GMA never filed a motion for summary judgment, but the trial court *sua sponte* granted summary judgment in its favor while ruling on the other appellees' motions for summary judgment.

[3] Appellant also filed a motion for summary judgment in civil action No. 15-CI-00691 which was denied by the trial court on this date.

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996), (citing CR[4] 56.03). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists. So we operate under a *de novo* standard of review with no need to defer to the trial court's decision." *Muncie v. Wiesemann*, 548 S.W.3d 877, 879 (Ky. 2018) (citation omitted).

Appellant first argues the trial court erred in granting summary judgment on its claim of trespass and that genuine issues of material fact exist for trial. Appellant relies on numerous photographs and an affidavit which, it argues, show "the illegal use and blockage of the private access drive and parking lot[.]" Before addressing Appellant's trespass claim, we note that, although there is evidence to the contrary, the trial court assumed for purposes of summary judgment that Mary Lynn Drive is a private road. We will assume the same for the purposes of appeal.

---

[4] Kentucky Rules of Civil Procedure.

"Kentucky law allows recovery under trespass in either of three instances: (1) the defendant was engaged in an extra-hazardous activity, (2) the defendant committed an intentional trespass or (3) the defendant committed a negligent trespass." *Rockwell Int'l Corp. v. Wilhite*, 143 S.W.3d 604, 619 (Ky. App. 2003). Here, there were no allegations that Appellees were engaged in an extra-hazardous activity, so the question becomes whether there was a genuine issue of material fact as to the elements of intentional and/or negligent trespass.

As an initial matter, the trial court found that GMA and Spirit, as landlords, conducted no business on the property and thus, as a matter of law, could not be liable for trespass. It further noted that as a rule, a landlord is not liable for the negligent acts of its tenant; therefore, even if NRA or Apple had trespassed, GMA and Spirit would still be entitled to summary judgment. We agree. Further, Appellant has not challenged this ruling on appeal. Therefore, we affirm the trial court's grant of summary judgment on Appellant's claims of trespass against GMA and Spirit. *See Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (citations omitted) (a "trial court's determination of those issues not briefed upon appeal is ordinarily affirmed.").

As to NRA and Apple, the trial court found that the evidence "fail[ed] to show that Defendants intentionally trespassed or instructed third parties to park, block, or trespass on Plaintiff's property." Similarly, as to negligent trespass, it

found that "[n]o affirmative evidence shows that (1) there is damage or harm to Plaintiff's property; and (2) that the damage or harm was the direct result of Defendants' actions." We agree.

First, there is no evidence that Appellees, themselves, were trespassing. Appellant seems to recognize this and instead argues that "vehicles servicing Appellees' business[es]" have trespassed upon its property by blocking its private access drive and parking in its private parking lot. Appellant produced photographs showing a UPS truck, a FedEx truck, a box truck, and a semitruck parked on Mary Lynn Drive adjacent to Appellees' businesses. It also produced photos showing public transportation buses parked on Appellant's parking lot.

However, concerning the vehicles on Mary Lynn Drive, the trial court found, and Appellant concedes, that Appellees have an access easement to this property. The plat referenced in Appellees' deeds shows an access easement running alongside Appellees' businesses where Mary Lynn Drive is now located. Neither the deed nor the plat places any restrictions on Appellees' use of the easement. "With respect to an express easement for a road or passway, our law holds that the servient owners must permit the free and unrestricted use of the passway by the owners of the dominant estate." *Sawyers v. Beller*, 384 S.W.3d 107, 111 (Ky. 2012) (citations omitted); *see also* 28A Corpus Juris Secundum (C.J.S.) *Easements* § 199 (2021) (citation omitted) ("[A] right-of-way easement

created by a conveyance in general terms and without any restrictions on its use is to be construed as broad enough to permit any use that is reasonably connected with the reasonable use of the land to which it is appurtenant."). Therefore, a package delivery truck briefly parking on Mary Lynn Drive to make a delivery to Appellees' businesses would not constitute trespass.

But even without the access easement, summary judgment would still be proper as there is no evidence that Appellees instructed anyone to park on Mary Lynn Drive or Appellant's private parking lot. "It is the rule that one who aids, abets, assists, or advises a trespasser in committing a trespass is equally liable with the one who does the act complained of." *Weaver v. Ficke*, 174 Ky. 432, 192 S.W. 515, 516 (1917). While Appellant did produce an affidavit from its manager, Mark Gray, stating that he was told by an employee of the Louisville Sign Company that NRA instructed him to park on Appellant's property, this statement is inadmissible hearsay and does not create a genuine issue of material fact to avoid summary judgment. *See Est. of Turner ex rel. Turner v. Globe Indem. Co.*, 223 S.W.3d 840, 843 (Ky. App. 2007).

Appellant next argues that the trial court erred in finding that Appellees were not liable for contributing to the maintenance of Mary Lynn Drive. Appellant cites *Baker v. Hines*, 406 S.W.3d 21, 30 (Ky. App. 2013), for the general rule that "in the absence of an agreement to the contrary as set forth in the

document creating an easement, where an easement is jointly used by the dominant and servient estates, the cost to maintain the easement should be equitably divided between the two estates."

Contrary to *Baker*, the trial court held that *because* there was no agreement between the parties, Appellant alone was responsible for maintenance. Here, the November 17, 1995 Final Subdivision Plat referenced in Appellees' deeds makes no reference to any maintenance obligation by any party. Therefore, pursuant to *Baker*, both Appellant and Appellees would be responsible for maintaining Mary Lynn Drive. Appellees point to a July 7, 2007 Minor Plat of Transfer and Consolidation and a June 2, 2008 Minor Subdivision Plat which contain notes stating, "all roads and drainage easements to be maintained by Pioneer Plaza." However, the relevance of these plats is unclear from the record, as well as whether they would qualify as an "agreement to the contrary" pursuant to *Baker* to impose sole liability on Appellant for the upkeep of Mary Lynn Drive.[5] Therefore, a genuine issue of material fact exists as to whether Appellees are required to contribute to maintenance of the road.

In granting summary judgment on the issue of maintenance, the trial court further cited the Georgetown, Sadieville, Stamping Ground, and Scott

---

[5] First, the copies of the plats in the appellate record are partly illegible. Second, it is unclear how these plats relate to Appellees' lots.

County, Kentucky Subdivision and Development Regulations.  The relevant language provides:  "Maintenance of a private street/access easement is the responsibility of the owner/owners."  The trial court apparently read this language as requiring Appellant alone to maintain Mary Lynn Drive.  However, the ordinance speaks of easement owners as well as owners of private streets.  It also mentions owners, plural, envisioning that multiple parties could be responsible for maintenance.  Based upon the language of the ordinance, both Appellant, as owner of Mary Lynn Drive, and Appellees, as owners of an access easement to Mary Lynn Drive, could be responsible for maintaining the road.  The ordinance merely provides that either the street owner, easement owner, or both are responsible for maintenance, not the government.  There is nothing inconsistent between the ordinance and the general rule set forth in *Baker*.

On remand, the trial court shall determine the parties' maintenance obligations pursuant to *Baker*, 406 S.W.3d 21, including whether the July 7, 2007 Minor Plat of Transfer and Consolidation and a June 2, 2008 Minor Subdivision Plat qualify as an "agreement to the contrary."  If the court finds no agreement to the contrary, "the cost to maintain the easement should be equitably divided between the two estates." *Id.* at 30.  Further, maintenance obligations are subject to a reasonableness standard. *Id.*

Finally, we note that any maintenance obligation of Appellees would be limited to those portions of Mary Lynn Drive that correspond with the access easements granted to Appellees at the time of the conveyance. *See McBrayer v. Davis*, 307 S.W.2d 14, 16 (Ky. 1957) ("the owner of the servient tenement can not extend or enlarge the easement to include property not a part of the original tract, thus increasing the burden of repair on the dominant tenement, without the consent of the parties affected."). By Appellant's own admission, it constructed and extended Mary Lynn Drive the entire length of the shopping plaza. Therefore, Appellees would not be responsible for maintaining these additions to the access easement.

Based upon the foregoing, the orders of the Scott Circuit Court are affirmed in part and reversed in part, and this matter is remanded for further proceedings in accordance with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Noel Mark Botts
Harrodsburg, Kentucky

BRIEF FOR APPELLEES
GEORGETOWN MEDICAL
ALLIANCE, LLC AND NRA-
GEORGETOWN, KENTUCKY,
LLC:

Patricia L. Harmeling
Louisville, Kentucky

BRIEF FOR APPELLEES SPIRIT
SPE PORTFOLIO CA STORES, LLC
AND GPM APPLE, LLC:

Barbara A. Kriz
Lexington Kentucky